(25 Misc. Rep. 615.)

LINK v. MACK.

(Supreme Court, Special Term, Jefferson County. December, 1898.)

TENDER—SUFFICIENCY.

　　Where a debtor took his check book, and dipped his pen in the ink, and was about to write a check for the amount he admitted due the creditor, but the latter stopped him, and refused to accept it, it was a sufficient tender, the debtor having the money in bank to meet the check.

Action by Mathias J. Link against Martin T. Mack. Verdict for defendant. Motion for new trial denied.

G. S. & H. L. Hooker, for the motion.
Thomas F. Kearns, opposed.

HISCOCK, J. The jury has found that defendant's version as to the amount due from him to plaintiff was correct, and its verdict in favor of defendant is therefore proper if the question of tender involved in the suit has been correctly disposed of. It is too well settled to require citation of authorities that defendant could have made a tender by check, as distinguished from money, which, being unobjected to and kept good, would be sufficient. Concededly, he did not make a tender by check, but, as he claims, started to, and was prevented by plaintiff from so doing. Upon the issue of fact raised between defendant and plaintiff as to what actually did take place in this respect the jury has found in favor of the defendant, and the inquiry becomes whether there was sufficient evidence to sustain the findings, under the instructions of the court that defendant was so prevented by plaintiff from making a complete tender as to absolve him from the necessity of so doing.

The evidence given in regard to this by defendant is as follows:

"I went to draw him a check for his pay. He says: 'What are you doing?' I says: 'I am taking out five pounds wood and wire to a bale.' He says: 'I never will stand it. You can't pay me in that way. You have got to pay me marked weight, wood and wire.' I took my check book and pen and ink, and was going to write it. He stopped me. He said: 'What are you writing it for,—how much?' I told him what I was writing it for. He said: 'I won't accept of it. You have got to pay me marked weight.' I said I was writing it for $187.61. He would not take it. He didn't ask for any cash or currency. I had my check out in one hand, and had dipped my pen in the ink, and was going to write it when he stopped me. I had the money in the bank to meet the check. Q. What did you say to plaintiff about paying him? A. I said I would give him a check for it. I wanted to pay him, and tried to pay him."

And upon cross-examination:

"Q. You didn't actually write a check there? A. No, sir; I started to. Q. You didn't exhibit to him any money to cover this claim? A. Not otherwise than by check. Q. You didn't write the check? A. No; he stopped me."

Starting with the proposition that defendant could have made a valid tender by check, it is equally true that plaintiff, by his conduct or words, could have relieved him from the necessity of going through the form of actually making out and tendering a check. Undoubtedly, if plaintiff had said in so many words when defendant commenced to write out his check, "You need not write or tender me

any check, for I will not accept it," it would have been sufficient to excuse the performance of those acts. The only question is whether plaintiff did do and say enough to so excuse the defendant. It seems to me that he did. We find defendant taking his check and commencing to write it out. Plaintiff asks him what he is doing. He tells him that he is about to write a check out, and the amount for which he is going to write it; whereupon plaintiff stops him, and tells him, in substance, that he would not take, would not accept, it, with other words to the same effect. It seems as if, under those words, it would have been so futile for defendant to actually make out his check and tender it to plaintiff that he will in law be excused for not having gone further with the operation.

In Strong v. Blake, 46 Barb. 228, the rule is laid down that, "in order to constitute a valid tender, it must be proved that there was a production of the money and an actual offer of it to the creditor, unless it be shown that the latter dispensed with it by some positive act or declaration"; and in that case it was said, in holding the tender insufficient, that the creditor "did not refuse to receive it [the money], interpose any objection, or intimate in any way that the presentation of the money was not required." In Holmes v. Holmes, 12 Barb. 144, the rule is laid down that the debtor "may show that, when about to produce the money or thing to be tendered, his adversary told him it was unnecessary, and that he would not accept it, or any other act or declaration by which some of the formal requisites of a strict legal tender were dispensed with." In Bellinger v. Kitts, 6 Barb. 281, the rule is laid down that "a strictly legal tender may be waived by an absolute refusal to receive the money, on the principle that no man is bound to perform a nugatory act." And to the same effect are the cases of Dunham v. Jackson, 6 Wend. 22, and Bakeman v. Pooler, 15 Wend. 637.

When the plaintiff actually stopped defendant from making out the check, and told him that he would not accept it, he would seem to have dispensed with the necessity of a strict tender. If it be assumed that the question was properly raised whether the tender was kept good from the time defendant claims he offered to make it, down to the commencement of the suit, it may be said that everything was done that was possible. No check having been actually made out and tendered, there was, of course, none to preserve or "keep good." But the defendant did, as the jury was permitted to find, at all times keep his bank account good for the amount of the check. In bringing the money into court when sued, and giving plaintiff notice of it, a course of practice was followed which, upon somewhat similar facts, was distinctly approved in the case of Wright v. John A. Robinson & Co., 84 Hun, 172, 32 N. Y. Supp. 463. The motion for a new trial is therefore denied, with $10 costs.

Motion denied, with $10 costs.