## DE GOODE v. BURTON.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

FRAUDS, STATUTE OF (§ 106*)—CONTRACT FOR EXCHANGE OF LANDS—MEMORANDUM.

    A letter written by B. to L., stating the best terms on which he will take certain land in exchange for certain other land, and telling L. to explain to his party the window projection clause in the title guarantee insurance policy, and the rights of the present tenants, does not, when afterwards G. writes thereon over his signature the words, "I accept the above," become a sufficient memorandum in writing of a contract of exchange of properties by G. and B., to take it out of the statute of frauds.

    [Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 106.*]

Appeal from Trial Term, Kings County.

Action by William A. De Goode against John J. Burton. From a judgment dismissing the complaint, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

See, also, 123 N. Y. Supp. 1113.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Jesse W. Tobey, for appellant.
William S. Haskell, for respondent.

WOODWARD, J. The plaintiff brings this action to recover damages for an alleged breach of contract, in that the defendant failed to perform the conditions of an alleged agreement to exchange real estate in the borough of Brooklyn. The transaction related to real estate, and the complaint was dismissed upon the ground that the alleged contract was insufficient to meet the requirements of the statute of frauds. The alleged contract is found, if at all, in the following letter:

"New York, April 21, 1909.

"Mr. Thomas J. Lockard, Brooklyn, N. Y.—Dear Mr. Lockard: Referring to the proposed exchange of the property at 424 Broom street. The very best and final proposition that I will make is to take the Broom street property subject to a first mortgage of $55,000 at 5%, and a second mortgage of $8,400 at 6% for my Brooklyn property at 71 Brooklyn avenue, subject to a first mortgage of $32,500 at 5%, and pay him $5,000 in cash, and he to give me back a purchase-money second mortgage of $10,000 payable on or before three years, with interest at 6%. You will please explain to your party the window projection clause in the title guarantee insurance policy, and the rights of the present tenants.

    "Yours truly,                 John J. Burton.
   "I accept the above.
       "William A. De Goode."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The question presented upon this appeal is whether this writing is sufficient to satisfy the statute of frauds. On its face it is a mere statement, addressed to Mr. Lockard, telling him the best terms that he is willing to make in the exchange of properties, with a request that Mr. Lockard shall tell some unknown party of certain conditions that are involved in the transaction. These conditions do not appear in the writing, and Mr. De Goode says: "I accept the above." He does not say that he knows the conditions which Mr. Lockard is to explain, he does not say that he accepts the above with the conditions involved, and it does not appear that this letter was ever delivered to the defendant after the memorandum was signed. What does Mr. De Goode accept? The inference is strong that the acceptance, as the original letter, was addressed to Mr. Lockard, the broker; that it merely said to the broker:

"I am satisfied with the terms which have been suggested, and authorize you to enter into a contract for the same."

But that would not constitute a contract between Mr. De Goode and Mr. Burton; and it seems equally clear that the letter addressed to Mr. Lockard, telling him what terms he would offer, including certain undisclosed conditions in reference to projecting windows, and the rights of tenants, accepted by a third party, does not disclose a contract existing between Mr. De Goode and Mr. Burton. Mr. Burton did not make a proposition to Mr. De Goode. He told Mr. Lockard the "best and final proposition that I will make," and this proposition that he would make is not complete. The writing does not disclose all of the conditions; and it does not, therefore, comply with the requirements of the statute of frauds when accepted by Mr. De Goode in writing.

The fair construction of this alleged contract, in the light of the evidence, is that Mr. Lockard, as broker for an undisclosed principal, had been negotiating with Mr. Burton for an exchange of properties; that Mr. Burton had made several propositions to the broker, all of which had been rejected; that Mr. Lockard requested Mr. Burton to put in writing a proposition which had been once rejected, and that Mr. Burton complied with this request in the manner above set forth, as a basis for a contract with Mr. Lockard's client; and that the acceptance of Mr. De Goode was merely an authorization to Mr. Lockard to close the contract embodying all of the conditions. When the letter was signed and delivered to Mr. Lockard, it undoubtedly authorized that gentleman to enter into a contract with Mr. Burton for the exchange of the properties; but it did not bind Mr. De Goode to perform the contract with Mr. Burton, and it does not afford ground for the present cause of action.

The rule is well established that a note or memorandum sufficient to take a contract of sale out of the operation of the statute of frauds must state the whole contract with reasonable certainty, so that the substance thereof may be made to appear from the record itself without recourse to parol evidence. Such essentials must appear, without the aid of parol proof, either from the memorandum itself or from a reference therein to some other writing or thing;

and such essentials, to make a complete agreement, must consist of the subject-matter of the sale, the terms, and names, or a description, of the parties. Ward v. Hasbrouck, 169 N. Y. 407, 411, 62 N. E. 434, and authorities there cited.

Obviously Mr. Burton was not contracting with Mr. De Goode when he stated to Mr. Lockard. the "best and final proposition that I will make"; and Mr. De Goode could not transform this incomplete working proposition into a contract with Mr. Burton by subscribing the same. The minds of the parties never met in a completed contract, in so far as the same can be made to appear from the proposition of Mr. Burton to Mr. Lockard. We find no error in the rulings of the learned court, and concur in the conclusion reached at the trial.

The judgment and order appealed from should be affirmed, with costs. All concur.