MICHAEL POLUCEK, Appellant, *v.* ANTON JAHODA and MARIE JAHODA, Respondents.

Second Department, October 13, 1922.

Statute of Frauds — receipt for partial payment of purchase price of realty, expressing consideration and signed by vendor but not giving terms of payment provided by oral contract does not satisfy statute — memorandum required is merely evidence of contract but must contain all its terms.

A receipt for a partial payment of the purchase price of realty which expresses the consideration for the sale and is signed by the vendor but which does not express any terms of payment is not a sufficient note or memorandum to satisfy the requirements of the Statute of Frauds, where it appears that the contract, which was oral, provided for certain terms of payment, as such terms form an essential part of the contract.

The note or memorandum required by the statute is not the contract. It is merely written evidence required by the statute for the validity of the contract. However, it must contain all the essential terms of the contract.

APPEAL by the plaintiff, Michael Polucek, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Queens on the 23d day of March, 1921, upon the decision of the court, rendered after a trial at the Queens Special Term, dismissing the complaint on the merits.

*Harry T. Weeks,* for the appellant.

*Thomas C. Kadien, Jr.* [*Frederick W. Ritter* with him on the brief], for the respondents.

BLACKMAR, P. J.:

The complaint declares upon a written contract whereby the defendants agreed to sell to the plaintiff certain premises for the sum of $8,500, on account of which the plaintiff paid $150.

The only writing introduced in evidence upon the trial was as follows:

" *April* 12, 1920.

" Received from Mr. Polucek deposit one hundred fifty ($150) for house sold eight thousand five hundred ($8,500).

" 30 Hoyt Ave.,

"ANTON JAHODA.     " Long Island City,

" MARIE JAHODA.     " New York."

Evidently this is not a written contract. It is a receipt for money. Being subscribed by the vendor, and expressing the consideration, it would be sufficient to take an oral contract out

of the Statute of Frauds providing it contained all the essential elements of such oral contract. An examination of the record discloses that, according to the plaintiff's testimony, the oral contract was that the purchaser should pay $2,500 only in cash, or perhaps $3,000 if he had the money, and that the remainder of the purchase money was to be secured by a mortgage at five and one-half per cent interest. None of these terms appear in the note that was signed by the vendors. They are essential parts of the contract, and as the note does not contain them the contract is void under the Statute of Frauds. (*De Goode* v. *Burton,* 141 App. Div. 22; *Tobias* v. *Lynch,* 192 id. 54; *Spielvogel* v. *Veit,* 197 id. 804.)   Under these circumstances the dismissal of the complaint by the trial court was correct.

The distinction between a written contract and a note or memorandum that is sufficient to take an oral contract out of the Statute of Frauds is often overlooked. In the case of a written contract there must be a formal contract signed by both parties and embodying all the terms of the agreement, and the terms cannot be varied or altered by extraneous evidence. An oral contract for the sale of land is valid and may be enforced by a court of equity provided a note or memorandum in writing expressing the consideration is subscribed by the vendor or his lawfully authorized agent. (Real Prop. Law, § 259.) But the note or memorandum is not the contract; it is written evidence required by the statute for the validity of the contract. This note or memorandum must contain all the terms of the contract; and if it appears that the oral contract contained terms that are not in the note or memorandum, then the note or memorandum is not sufficient.

Evidence is not admissible to vary or alter the terms of a written contract, but in the case of an oral contract evidence may be admitted to show that the note or memorandum does not contain all the terms of the oral contract and, therefore, is not sufficient to take it out of the Statute of Frauds.

The judgment should be affirmed, with costs.

Present — BLACKMAR, P. J., KELLY, MANNING, KELBY and YOUNG, JJ.

Judgment unanimously affirmed, with costs.