HERBERT F. DAWSON, Plaintiff, *v.* EDWARD MARGOLIES, Defendant.

Supreme Court, New York County, November 6, 1925.

Landlord and tenant — actions for specific performance of alleged contract to make lease for more than year — complaint alleged execution of two papers, one signed by landlord as memorandum of contract and its counterpart executed by broker for tenant — memorandum to satisfy Statute of Frauds must show names of both landlord and tenant — memorandum signed by defendant insufficient.

A memorandum which by its terms recites an agreement to make a lease of real estate for more than a year must show the names of both landlord and tenant.

Accordingly, defendant herein is entitled to the dismissal of plaintiff's causes of action each for the specific performance of an alleged contract to make a lease of real estate for more than a year, where the complaint alleges the execution of two papers, one of which is signed by the defendant as landlord as a memorandum of the contract, and its counterpart executed by a broker as an agent for the tenant, since the second paper, in the absence of defendant's signature or that of his agent, is insufficient under the Statute of Frauds. The plaintiff cannot be heard to read the two papers together. Nor is the fact that plaintiff's broker received the first memorandum signed by the defendant as a memorandum of the contract and executed the counterpart thereof, signed by said broker as agent for the tenant, a sufficient writing within the Statute of Frauds. Furthermore, the memorandum is insufficient to identify the contract upon which is predicated the cause of action to recover the cost of remodeling the premises.

Motion by defendant to dismiss causes of action for specific performance of alleged contract to make lease for more than a year.

*Hollander & Bernheimer,* for the plaintiff.

*Jacob Klein,* for the defendant.

Proskauer, J. Plaintiff sues on two causes of action, each for the specific enforcement of an alleged contract to make a lease of real estate for more than a year. The defendant moves to dismiss each cause of action on the ground that it affirmatively appears that the Statute of Frauds is a good defense. The complaint pleads two papers; one reads as follows:

" Schedule A

" 6 /4 /25

" *17 East 60th St.*
" $8,000.00     Net     10 years
" $10,000.00    Net     5 years
" Beginning July 1st, 1926.
" Rent quarterly in advance.
" Tenant to pay all insurance, repairs, taxes and improvements.
" Deposit $8,000.00 to Guarantee Lease.
" Subject to present restrictions.
         " OK
            " E. MARGOLIES "

The other is identical excepting that it bears the signature, " H. F. Dawson by W. C. Jackson, Agent."

A satisfying memorandum must show the name of both landlord and tenant. (*Baker* v. *Kilburn,* 77 Misc. 624; *Mentz* v. *Newwitter,* 122 N. Y. 491; *Ward* v. *Hasbrouck,* 169 id. 407.)

The memorandum signed by Margolies is, therefore, insufficient. The situation here is entirely different from that considered by the Court of Appeals in *Tobias* v. *Lynch* (233 N. Y. 515), where the names of both vendor and vendee appeared in the memorandum

and the court held only that the memorandum need not specify which was vendor and which was vendee. Nor can the plaintiff be aided by the attempt to read the two papers together. The second paper does not purport to be signed by the defendant, nor by his agent. On the contrary, it purports to be signed by an agent of the plaintiff. Professor Williston states the rule as follows (1 Williston Sales [2d ed.], § 108): " What is essential is that the signature of the party to be charged shall authenticate the whole of the writing." And in *Wright* v. *Weeks* (25 N. Y. 153) ALLEN, J., writes (p. 160): " The parties cannot unite two papers, so as to make them unitedly constitute a valid contract, unless they are physically joined, or the intention to unite them appears on the face of the papers."

The connection between these two papers rests wholly on the oral evidence to the effect that the broker received the one signed by Margolies as a memorandum of contract and executed the counterpart of it signed by himself as agent for Dawson. A mere statement of this is sufficient to show that the whole purpose of the Statute of Frauds would be defeated by holding that this constituted a compliance. The personality of the tenant is a vital element in the landlord's willingness to make a lease, and yet to hold these papers sufficient would be to commit this defendant to a tenant without a shred of writing to indicate his willingness to accept this plaintiff as a tenant. This disposes of both causes of action.

The second cause of action must be dismissed also for the additional reason that the contract there alleged contains terms with reference to the remodeling of the house and the installation of an elevator, which did not appear in the memorandum. It is not sufficient that the memorandum identify *a* contract; it must identify *the* contract sued upon. (*Polucek* v. *Jahoda*, 203 App. Div. 38; *Drake* v. *Seaman*, 97 N. Y. 230; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 id. 310.)

I have not overlooked the case of *Marks* v. *Cowdin* (226 N. Y. 138), where all the documents sought to be used were signed by the party to be charged. In such a case all the papers which show by their contents a connection with the bargain sought to be enforced may be taken together though the writings do not refer to each other. (1 Williston Sales [2d ed.], § 108.)

Motion to dismiss granted. Settle order on notice.