FRED A. GAMBOLD, as Executor, etc., of CHARLES S. LAMPHEAR, Deceased, Respondent, v. GEORGE W. MacLEAN and ERNEST C. COLTER, as Surviving Executors of and Trustees, etc., of KATHERINE L. MacLEAN, Deceased, Appellants.— Interlocutory judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

MINNIE HERMAN and YETTA FRIEDMAN, Appellants, v. WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents.— Final order denying motion to vacate and set aside decision of board of standards and appeals, and confirming decision of said board, unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

In the Matter of the Application of 1901 OCEAN PARKWAY CORPORATION, Owner, Respondent, for an Order Fixing the Amount of an Undertaking to Discharge a Mechanic's Lien Filed against Property on the Southeasterly Corner of Ocean Parkway and Avenue S, 140 Feet on Avenue S, by 100 Feet, Borough of Brooklyn, City of New York; WOLF GELBAND, Appellant.— Order providing for discharge of mechanic's lien filed by Wolf Gelband, upon certain conditions, affirmed, with ten dollars costs and disbursements. This decision, by consent of appellant's counsel, follows the decision of this court, herewith made, in *Fine & Sons v. Lindarose, Inc.* [*ante*, p. 616]. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

I. B. KLEINERT RUBBER COMPANY, Respondent, v. DAVID ELMER WOOD, Appellant.— Judgment reversed upon the law, with costs, and complaint dismissed, with costs. The record shows beyond question that the agreement made by plaintiff was at least that defendant should occupy the premises in question without rent until they were needed for factory building purposes. Nothing upon this subject is stated in the receipt signed by defendant, and the memorandum signed by plaintiff does not refer in any manner to the receipt. These two papers, therefore, cannot be considered together to satisfy the Statute of Frauds.* Exhibit 1, signed by defendant, only can be considered for this purpose, but it clearly does not contain the entire agreement between the parties, and is, therefore, not sufficient to take the transaction out of the statute. (*Polucek* v. *Jahoda*, 203 App. Div. 38; *Dawson* v. *Margolies*, 126 Misc. 39; affd., 218 App. Div. 755.) Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

SOL KOMISARUK, Appellant, v. JERRY LIEBROSS and SIMON LIEBROSS, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

ANTONI KOSMOWSKI, Respondent, v. MARY GENCO LABRUZZO, Appellant.— Judgment affirmed, with costs. No opinion. Kelly, P. J., Young, Lazansky and Hagarty, JJ., concur; Kapper, J., dissents upon the ground that plaintiff's action is in equity, and that the title was good before and at the time of the trial.