KINGSBRIDGE IMPROVEMENT Co., INC., Appellant, *v.* THE AMERICAN EXCHANGE-PACIFIC NATIONAL BANK, as Trustee, et al., Respondents.

(Argued June 6, 1928; decided July 19, 1928.)

*I. Maurice Wormser, Seymour Mork* and *Phillip Wellins* for appellant. The correspondence between plaintiff and the bank constitutes a complete memorandum of the agreement between the parties, which in every way complies with the Statute of Frauds. (*Cooley* v. *Lobdell,* 153 N. Y. 596; *Lukawski* v. *Devlin,* 243 N. Y. 583;

*Wertheimer* v. *Boehm,* 241 N. Y. 575; *Roskam-Scott Co.* v. *Thomas,* 175 App. Div. 84; Pomeroy on Specific Performance of Contracts [3d ed.], § 90; *Marks* v. *Cowdin,* 226 N. Y. 138; *Wilson* v. *Lewiston Mill Co.,* 150 N. Y. 314; *Gates* v. *Dudgeon,* 173 N. Y. 426; *Delaware Mills, Inc.,* v. *Carpenter Bros.,* 200 App. Div. 324; 235 N. Y. 537; *Newburger* v. *American Surety Co.,* 242 N. Y. 134; *Poel* v. *Brunswick-Balke-Collander Co.,* 216 N. Y. 310; *Duncan* v. *Wohl, South & Co.,* 201 App. Div. 737; *Mentz* v. *Newwitter,* 122 N. Y. 491.)

*Frank C. Laughlin* and *Stewart W. Bowers* for Adele G. Beck, respondent. The correspondence between the defendant bank and plaintiff's agents does not constitute a memorandum in writing of the contract to sell the real property in question sufficient to satisfy the Statute of Frauds, which is available as a defense to the defendant Beck. (*People ex rel. Warchauer* v. *Dalton,* 159 N. Y. 65; *Matthews* v. *Matthews,* 154 N. Y. 288; *Rice* v. *Manley,* 66 N. Y. 82; *Stitt* v. *Ward,* 142 App. Div. 626; *Brauer* v. *Oceanic Steam Nav. Co.,* 178 N. Y. 339; *Levin* v. *Dietz,* 106 App. Div. 208; *Williamsburg City F. Ins. Co.* v. *Lichtenstein,* 181 App. Div. 681; *Ettlinger* v. *Persian Rug & Carpet Co.,* 142 N. Y. 189; *O'Brien* v. *Alleghany & Kinzua R. R. Co.,* 151 N. Y. 372; *Beveridge* v. *N. Y. El. R. R. Co.,* 112 N. Y. 1; *Burns* v. *Niagara, L. & O. Co.,* 145 App. Div. 280; *Fleischman* v. *Fleischman,* 54 App. Div. 202.)

*Brison Howie* for American Exchange-Pacific National Bank, respondent.

O'BRIEN, J. The action is for specific performance of a contract for the sale of real property the legal title to which had been vested in defendant bank as trustee for Adele G. Beck. Both the bank and defendant Beck moved at Special Term for a dismissal of the complaint upon the ground that the contract is unenforcible under the Statute of Frauds. Miss Beck moved upon the

additional ground that, prior to the date of the alleged execution of the contract, the trust under which the bank held title to the realty had been revoked. These motions were denied but the Appellate Division reversed and dismissed the complaint upon both grounds urged by defendant Beck. Her counsel, as well as plaintiff's, devotes much learning to the question of the revocability of the trust. We are of the opinion that the record does not clearly disclose the fact of revocation, and, therefore, we ought not to discuss a subject which, as far as this case is concerned, is moot. Miss Beck did attempt on September 3, 1925, to revoke the trust both as to realty and personalty and in a letter of that date addressed to the trustee she demanded a reconveyance and delivery of the realty and personalty. No conveyance of the realty was ever made, but the bank instituted an action against her in which it alleged its inability safely to determine the proper course to pursue and prayed for judgment in the premises. On October 23, 1925, an order in that action granting a motion for judgment on the pleadings was entered at Special Term by which the trust in its entirety was decreed to be revoked and canceled as of September 10, 1925. However, the judgment entered November 10 upon the order of October 23 adjudged revocation only as to the personalty. That judgment resulted from a stipulation between the attorneys for the bank and Miss Beck in which provision was made for a fixed rate of compensation to the trustee in the event of sale of the realty. Until November 25, the bank continued its negotiation for the sale. Its counsel suggests in its brief on this appeal facts from which we might infer that Miss Beck's notice of revocation as to the realty was withdrawn. The evidence in relation to such agreement as they may have made in respect to revocation is not so clear as to warrant a decision on the law. Their acts have not been proved with that degree of certainty which is requisite for an award of judgment on the plead-

ings and, accordingly, we will not rule on the question of power to revoke. We reserve that question until necessity for actual decision arises. If the Appellate Division correctly dismissed the complaint for any reason, the judgment should be affirmed.

We entertain no doubt that the complaint was properly dismissed. No complete agreement between plaintiff and the bank was ever reached. Their correspondence states that a final contract is thereafter to be made and its form does not fairly permit the inference that there were not details yet unsettled. One of these matters was the plaintiff's responsibility, for the bank wrote that acceptance of the offer was on condition that plaintiff would furnish such a statement of assets, liabilities and net worth as would be satisfactory to the bank. We cannot say that there were not other matters left open for the formal writing. Plaintiff has failed to prove a complete written agreement. (*Ansorge* v. *Kane*, 244 N. Y. 395; *Keystone Hardware Co.* v. *Tague*, 246 N. Y. 79.) It has proved nothing more than an uncompleted conditional agreement.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment affirmed.