JOHN E. MURPHY, Plaintiff, *v.* DANIEL MAHONEY, Defendant.

Supreme Court, Special Term, Broome County, August 19, 1946.

*Nicholas G. Powers* for defendant.

*Edward F. Ronan* for plaintiff.

DEYO, J.   The complaint fails to strictly comply with the requirements of rule 92 of the Rules of Civil Practice, in that it neglects to state that the plaintiff has " duly " performed all of the conditions of the contract.   Such omission has been held fatal.   (*Walker* v. *Gerli,* 257 App. Div. 249, 253; *Zaiss* v. *Heimerdinger Co.,* 193 App. Div. 671; *Hedges* v. *Pioneer Iron Works,* 166 App. Div. 208, 209; *Kasen* v. *Hercules Knitting Co.,* 60 N. Y. S. 2d 381.)   However, the complaint does allege the making of the contract for the sale of the business, the down payment, the securing of the lessor's consent, the tender of the certified check for the balance of the purchase price, a demand and refusal on the part of the defendant, and facts demonstrating that the plaintiff has no adequate remedy at law. In my opinion, this is a sufficient statement of the facts constituting the performance of the conditions precedent, and hence, compliance with rule 92 is unnecessary.

It is immaterial that no written consent to the assignment of the lease was obtained for, for aught that appears, only the oral consent was bargained for. Whether or not such oral consent would be binding upon the lessor is beside the point.

Although a tender, to be valid, must ordinarily be made in money, a tender by check, not objected to on that ground, is valid. (*Mitchell* v. *V. C. M. Co.*, 67 N. Y. 280, 282; *Germania Life Insurance Co.* v. *Potter*, 124 App. Div. 814, 816; *Myers* v. *Associates Discount Corporation*, 60 N. Y. S. 2d 691, 693; *Link* v. *Mack*, 25 Misc. 615.) Here the plaintiff alleges tender by certified check. I know of no rule of pleading that required him to deny that the refusal to accept the tender was on that ground. Rather, it seems to me that such issue is more a matter of defense.

I am of the opinion that the complaint states facts sufficient to constitute a cause of action, and therefore deny the motion to dismiss the complaint for insufficiency.

The second portion of the motion is based on the Statute of Frauds. The contract alleged was for the sale of defendant's business, including the assignment of a lease which had more than one year to run. A writing was therefore necessary under section 259 of the Real Property Law. (*Lippe* v. *Fink*, 233 App. Div. 754, affd. 257 N. Y. 577; *Rosenthal* v. *Stein*, 19 N. Y. S. 2d 779.) The memorandum evidencing the agreement reads as follows:

" June 7, 1946.

Received of John E. Murphy Twenty five dollars to apply on the purchase price of my business, known as Mahoneys, 153 Washington St., the balance of $2975.00 to be paid June 10, 1946, which date a bill of sale will be given.

DANIEL MAHONEY."

The rule is well established that a note or memorandum sufficient to satisfy the statute must state the whole contract with reasonable certainty, including such essentials as the subject matter of the sale, the terms and the names of the parties. Nothing may be left to future negotiations, and if resort must be had to parol evidence to spell out a completed contract, there is no compliance with the statute. (*Textile Capitol Building Corp.* v. *Wendel Foundation*, 253 App. Div. 332, 338, affd. 279 N. Y. 769; *De Goode* v. *Burton*, 141 App. Div. 22, 25.)

I am of the opinion that the writing in the instant case satisfies that rule. Everything necessary for a completed contract is included. Failure to specifically refer to the lease is

not important, since the sale of a specified business at a specified location would include by necessary inference all leases connected with and essential to the operation of the business. There was no more need for specific reference to the lease than there was to itemize the pots and pans. The defendant agreed to sell whatever he owned, including the lease to the premises. *Lippe* v. *Fink* (233 App. Div. 754, affd. 257 N. Y. 577, *supra*) supports this view, at least by inference. There the agreement was also for the sale of a specified business and, as here, failed to specify the lease, but the decision in the Court of Appeals emphasizes the failure of the memorandum to specify the manner in which the balance of the purchase price was to be paid, and does not even discuss the absence of any reference to the lease in the agreement.

The motion to dismiss the complaint on the ground that it is unenforcible under the Statute of Frauds is denied.

Submit order in accordance with the foregoing.

Ten dollars costs to the plaintiff.