Meyer Lichtman, Plaintiff, *v.* Rose Mazzeo, Defendant.

Supreme Court, Special Term, Bronx County, January 30, 1947.

*Henry Weiss* and *Samuel J. Cohen* for plaintiff.

*Joseph C. Di Carlo* for defendant.

Benvenga, J.   This is an action to compel the defendant specifically to perform a contract for the purchase and sale of real property. The note or memorandum of the contract is in the form of a receipt, the body of which reads as follows: " Received from Mr. G. Candido [the plaintiff's assignor] the sum of $1,000 as a deposit on property located at 1818 Bathgate Avenue. Sale price $5800."

The question presented is whether the writing comes within the purview of section 259 of the Real Property Law, which provides that a contract for the sale of real property is void, " unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged * * *."

Unquestionably, a receipt for money may be relied upon as a note or memorandum of the contract. But if it be relied upon, it is well settled that it must state or contain the entire agreement of the parties; and if it appears that it is incom-

plete, in the sense that it does not contain the entire agreement, then the writing is insufficient (*Ansorge* v. *Kane,* 244 N. Y. 395, 398–400; *Polucek* v. *Jahoda,* 203 App. Div. 38; *Kleinert Rubber Co.* v. *Wood,* 220 App. Div. 773). And since the writing is not the contract, but only a note or memorandum thereof, parol evidence is admissible to show that it is incomplete and insufficient (*N. E. D. Holding Co.* v. *McKinley,* 246 N. Y. 40, 45; *Friedman & Co.* v. *Newman,* 255 N. Y. 340, 343; *Polucek* v. *Jahoda, supra*).

That the note or memorandum in the instant case does not comply with the statute seems clear. The evidence shows that, when it was made, there was talk about the difficulty of procuring housing accommodations. As a result, a verbal arrangement or understanding was made. This, in part, is indicated by the stipulation, signed by the plaintiff's assignor. The stipulation, which appears on the back of the note or memorandum, reads as follows: " Purchaser to allow Rose Mazzeo 60 days' time to find rooms.

" Purchaser agrees to extend Mrs. Mazzeo 30 more days, if necessary."

Following the transaction, the defendant made diligent efforts to find rooms. Failing to do so, she offered to return the deposit to the plaintiff's assignor, but he would not accept it. The money is now in the hands of the defendant's attorney.

It seems to me that, on the basis of the evidence, a finding is warranted that the purchase and sale was conditional on the defendant's finding housing accommodations for herself and family. That this condition was an important and essential element of the contract cannot be gainsaid. Under the circumstances, the note or memorandum is insufficient. The plaintiff " has proved nothing more than an uncompleted conditional agreement." (*Kingsbridge Improvement Co.* v. *American E. P. Nat. Bank,* 249 N. Y. 97, 100.)

The case of *Tobias* v. *Lynch* (192 App. Div. 54, affd. 233 N. Y. 515), upon which the plaintiff relies, is distinguishable. Whether a note or memorandum is sufficient depends upon the facts and circumstances of the particular case. All that the *Tobias* case (*supra*) decides is that a note or memorandum signed by both vendor and vendee may be sufficient even though it does not disclose who is the vendor and who is the vendee (see *Dawson* v. *Margolies,* 126 Misc. 39, 40–41, affd. 218 App. Div. 755).

Judgment is directed for the defendant, dismissing the complaint. Settle judgment in accordance herewith.