■ MORTON L. JANKLOW et al., Appellants-Respondents, v. BARBARA V. KENT, Respondent-Appellant.— Order, Supreme Court, New York County, entered December 18, 1973, modified, on the law and in the exercise of discretion, to the extent of granting defendant leave to serve an amended answer, interposing the defense of the Statute of Frauds, within 10 days after service upon her by plaintiffs of a copy of the order to be entered hereon, with notice of entry, and otherwise affirmed. Defendant-respondent-appellant shall recover of plaintiffs-appellants-respondents $60 costs and disbursements of this appeal. While we agree with the learned Justice below that sufficient triable issues have been raised to warrant denial of summary judgment to either side, we believe defendant should be afforded the opportunity of establishing her contention that the instrument sued upon fails to meet the requirements of section 5-703 of the General Obligations Law. Concur — Markewich, Nunez, Murphy and Steuer, JJ.; McGivern, P. J., concurs and dissents in part in the following memorandum: I agree with so much of the majority opinion as grants the defendant leave to serve an amended answer interposing the Statute of Frauds. But, having done so, on the basis of that defense, I would go further and dismiss the complaint. This, because, on this record, it is now clear as a matter of law that the instrument sued upon fails to meet the requirements of section 5-703 of the General Obligations Law, in that it does not contain all of the necessary and material terms of the claimed agreement, as required by the Statute of Frauds. Missing elements include, *inter alia*, inadequacy of the description of the proper parties; and inadequacy of description of the terms of the mortgage. Also, I find inadequacy of the description of the property, consisting of the subject matter of the agreement, in that the township, village, or city in which the property designated only by a street address is located, is not indicated. (*De Goode* v. *Burton*, 141 App. Div. 22; *Price* v. *Milgrim*, 142 N. Y. S. 2d 838; *Barber* v. *Stewart*, 275 App. Div. 429; *Monaco* v. *Levy*, 12 A D 2d 790.)