■ Notar Services Corp. et al., Appellants, v Theodore Dalmazio et al., Respondents, et al., Defendant.

The parties entered into an agreement whereby plaintiffs were to raise equity to enable respondent Dalmazio, a developer, to complete the rehabilitation of certain real estate. Included in the agreement was a clause giving plaintiffs "the right to participate as an equal partner" in any other "construction project" undertaken by Dalmazio prior to the completion of the original project which was the subject of the agreement. Dalmazio purchased other real estate and conveyed it to respondent 61st Street Realty Associates, of which he is the sole owner. Plaintiffs claim that they are entitled to an ownership interest in the 61st Street property pursuant to the agreement and they filed a notice of pendency to protect this interest. Respondents moved to vacate the notice of pendency and for partial summary judgment as to plaintiffs' ownership claims, urging that the agreement entitled plaintiffs to no more than a share of the profits from Dalmazio's new construction project.

Several disputed issues of fact exist which cannot be resolved within the four corners of the ambiguously worded agreement: (1) Does the new project properly fall within the scope of the agreement?; (2) What was the parties' intention by inclusion of the clause relating to future projects?; (3) What was meant by "the right to participate as an equal partner"? and (4) Does the agreement entitle plaintiffs to an ownership interest in the new property or simply an accounting? Summary judgment should not have been granted given these unresolved issues of fact (CPLR 3212 [b]).

It was also error to grant dismissal of the third cause of action (for a constructive trust on the property) for failure to state a claim. A constructive trust may be imposed " 'whenever necessary to satisfy the demands of justice' " (*Simonds v Simonds,* 45 NY2d 233, 241, quoting from *Latham v Father Divine,* 299 NY 22, 27). The cause of action was sufficiently pleaded.

Finally, plaintiffs were entitled to file a notice of pendency to protect their claims since they seek relief which would affect the title to property (CPLR 6501). O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.