■ MEYER TAWIL, Appellant, v LOUIS TRANI et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Jordan, J.), dated February 25, 1986, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the complaint on the ground that the action is barred by the Statute of Frauds.

Ordered that the order is affirmed, with costs.

The subject memorandum fails to satisfy a requirement of the Statute of Frauds (General Obligations Law § 5-703 [2]) in that it fails to name or designate the buyer *(see, Irvmor Corp. v Rodewald,* 253 NY 472; *Villano v G & C Homes,* 46 AD2d 907, *appeal dismissed* 36 NY2d 918, *appeal dismissed* 40 NY2d 959; *Big City Realty Co. v 896 Realty,* 9 AD2d 660, *affd* 7 NY2d 960).* The memorandum's failure to identify both parties to the transaction is not cured by reading with it a check drawn by the plaintiff and his wife, which check does not indicate who is the purchaser *(cf., Dawson v Margolies,* 126 Misc 39, *affd* 218 App Div 755). Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.