■ Donald R. Strain, Appellant, v Richard C. Strain, Respondent. [644 NYS2d 317]

This action was brought by the plaintiff for specific performance and a permanent injunction with respect to an alleged agreement to repurchase C.B. Strain & Son, Inc. The defendant denies that there was a definitive agreement and further alleges that even if such an agreement existed, it would be unenforceable because of the Statute of Frauds. The plaintiff contends that a series of signed and unsigned writings, as well as alleged past performance, are sufficient to overcome this defense.

The Statute of Frauds may be satisfied by separate connected writings, not all of which must be signed *(see, Fox Co. v Kaufman Org.,* 74 NY2d 136, 140). The writings, however, must clearly refer to the same transaction, include all items of the contract, and at least one of the writings must bear the signature of the party to be charged *(Crabtree v Arden Sales Corp.,* 305 NY 48, 55-56; *APS Food Sys. v Ward Foods,* 70 AD2d 483). The documents proffered in this case are the defendant's handwritten and signed letter to the plaintiff and to an intermediary detailing the terms of the sale, the handwritten notes of the intermediary noting the agreements of the parties with respect to the sale, and the handwritten power of attorney signed by the defendant authorizing the intermediary to transfer the defendant's stock to the plaintiff. Whether these documents are sufficient to satisfy the Statute of Frauds and establish a binding agreement with respect to the sale of the company containing all of the essential terms on which there was agreement raise material triable issues of fact which preclude an award of summary judgment *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.