■ CIDER MILL FRIENDS OF OPEN SPACE AND HISTORIC PRESERVATION, INC., Appellant, v CIDER MILL DEVELOPMENT, LLC, et al., Respondents. [804 NYS2d 792]—

In an action for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated August 18, 2004, which denied its motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint and vacating the notice of pendency.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs, and the complaint and the notice of pendency are reinstated.

The parties entered into a letter agreement on August 15, 2001, which provided, inter alia, that they would enter into a contract of sale pursuant to which the defendant Cider Mill Development, LLC (hereinafter Cider Mill), would sell to the plaintiff lots 2 and 3 of a proposed subdivision for the sum of $100,000 per lot and grant the plaintiff the right of first refusal to purchase lots 1 and 4 of the same proposed subdivision. After final subdivision approval was obtained, and after the plaintiff made a $40,000 down payment for lots 2 and 3, the parties entered into extensive negotiations over other terms of the formal contract, but ultimately were unable to execute it. The plaintiff contends that the other terms in question were not intended by the parties to be material and that the defendants merely engaged in the negotiations to avoid their obligations under the letter agreement. Further, according to the plaintiff, during the contract negotiations, Cider Mill, without notice to the plaintiff, conveyed lots 1 and 4 to nonparties.

The plaintiff commenced this action for specific performance of the letter agreement and to recover damages for the defendants' alleged breach thereof, and filed a notice of pendency with respect to lots 2 and 3. After joinder of issue, the plaintiff moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint and vacating the notice of pendency. The defendants contended that the letter agreement was merely an "agreement to agree" that did not satisfy the statute of frauds (*see* General Obligations Law § 5-703 [2]). The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion, concluding that enforcement of the letter agreement was barred by the statute of frauds (*see* General Obligations Law § 5-703 [2]).

Under the unique circumstances presented here, triable issues of fact exist as to whether the parties intended the letter agreement to be a complete or binding agreement (*cf. Behar v Mawardi*, 268 AD2d 400 [2000]; *Jaffer v Miles*, 134 AD2d 572 [1987]), sufficient to satisfy the statute of frauds (*see* General Obligations Law § 5-703 [2]), and whether the terms left open to future negotiations were essential prior to the formation of requisite contractual intent (*see Notar Servs. Corp. v Dalmazio*, 110 AD2d 892 [1985]; *cf. Simmonds v Marshall*, 292 AD2d 592 [2002]; *Sheehan v Culotta*, 99 AD2d 544 [1984]; *Countreyman v*

*Miller*, 96 AD2d 568 [1983]). There also exists a triable issue of fact as to whether the plaintiff had a binding right of first refusal pursuant to the terms offered the nonparty purchasers of lots 1 and 4 and whether such right was contingent on the conveyance of the other lots (*cf. Bright Beginnings Day Care, Inc. v Driftwood Day Camp, Inc.,* 16 AD3d 449 [2005]; *2M Realty Corp. v Boehm,* 204 AD2d 620 [1994]). Accordingly, the defendants' cross motion for summary judgment dismissing the complaint and vacating the notice of pendency should have been denied.

In light of our determination, we do not reach the remaining issues. S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.