■ RKO PROPERTIES, LTD., Respondent, v SHAYA BOYMEL-GREEN et al., Appellants, et al., Defendants. [829 NYS2d 657]—

In an action, inter alia, for specific performance of contracts for the purchase of real property and to recover damages for tortious interference with contractual relations and breach of contract, the defendants Shaya Boymelgreen, Boymelgreen Developers LLC, and RKO Plaza LLC, formerly known as RKO

Pacific LLC, appeal (1) from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 27, 2004, which denied their motion, inter alia, to cancel a notice of pendency, and (2), as limited by their brief, from so much of an order of the same court dated June 8, 2005, as denied their motion for summary judgment dismissing the ninth and tenth causes of action in the first amended verified complaint insofar as asserted against them, and the defendants Thomas J. Huang and RKO Delaware, Inc., separately appeal, as limited by their brief, from so much of the order dated June 8, 2005, as denied their motion for summary judgment dismissing the tenth, eleventh, and twelfth causes of action in the first amended verified complaint insofar as asserted against them.

Ordered that the order dated January 27, 2004, is affirmed; and it is further,

Ordered that the order dated June 8, 2005, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the appellants appearing separately and filing separate briefs.

The Supreme Court properly denied the motion of the defendants Shaya Boymelgreen, Boymelgreen Developers LLC, and RKO Plaza LLC, formerly known as RKO Pacific LLC, inter alia, to cancel the plaintiff's notice of pendency. CPLR 6501 provides, in relevant part, that a notice of pendency may be filed in any action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." Here, the plaintiff seeks, inter alia, the specific performance of agreements which would result in the conveyance of the subject real property to the plaintiff. Thus, this action falls within the scope of the statute and the notice of pendency was properly filed (see Urgo v Patel, 279 AD2d 518, 519 [2001]; Yorktown Floorworld v Wagon Prods., 170 AD2d 823, 824 [1991]).

Contrary to the appellants' contentions, the Supreme Court properly denied their respective motions for summary judgment. As the Supreme Court properly recognized, "[t]he [s]tatute of [f]rauds may be satisfied by separate connected writings, not all of which must be signed" (Strain v Strain, 228 AD2d 491, 491 [1996]). Here, upon the appellants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact with respect to, inter alia, whether the plaintiff's agreement with the defendant Thomas J. Huang, and the escrow agreement dated September 3, 2002, prepared by the defendant Richard D. Marans, were sufficient to satisfy

the statute of frauds and to establish a binding agreement (*see* General Obligations Law § 5-703 [2]; *Cider Mill Friends of Open Space & Historic Preserv., Inc. v Cider Mill Dev., LLC*, 23 AD3d 600, 601 [2005]; *Strain v Strain, supra*).

The appellants' remaining contentions are without merit. Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.