OPINION OF THE COURT
Skelos, J.P
In this action, inter alia, to recover damages for breach of contract, the plaintiff, a professional auction house, alleged that the defendant, by absentee bid, entered into a contract to purchase an antique offered at a public auction, and thereafter refused to make payment for the subject antique. The question presented on this appeal is whether notations regarding the al *272 leged sale of the antique, made by the auctioneer’s clerk contemporaneously with the bidding, which referred to the defendant and the consignor of the antique only by number, were sufficient to constitute a memorandum of the sale satisfying the statute of frauds (see General Obligations Law § 5-701 [a] [6]). We hold that General Obligations Law § 5-701 (a) (6) requires that the necessary memorandum, be it in one writing or multiple writings, reveal the identity of, not merely a number assigned to, the parties to the contract.
The plaintiff, William J. Jenack Estate Appraisers and Auctioneers, Inc., was in the business of selling fine art and antiques at public auction. In addition to live bidding at the auctions, the plaintiff also accepted absentee bids, whereby either the plaintiff would bid on the absentee bidder’s behalf, or the absentee bidder would bid by telephone. Absentee bidders were required to fill out an absentee bid form, indicating the lot number of any items they wished to purchase. The absentee bidder was then assigned a bidder number.
The plaintiff held a public auction on September 21, 2008. Prior to the auction, it published a catalogue of items intended to be sold at the auction, listed by lot number. Item number 193 (hereinafter the subject antique) was described as a 19th-century, “fine Russian silver/enamel covered box with gilt interior.” Prior to September 21, 2008, the plaintiff received an absentee bid form from the defendant, indicating that the defendant wished to bid on the subject antique by telephone. The form included the defendant’s name, telephone numbers, address, email address, and credit card number. Preprinted language on the form advised bidders that payment on any items purchased was due within five days after the auction. The defendant was assigned bidder number 305, as indicated on the absentee bid form.
William J. Jenack served as the auctioneer for the September 21, 2008, auction, and, as per the plaintiffs custom, the chief clerk for the auction sat at the podium immediately adjacent to Jenack. Jenack averred that, on September 21, 2008, the chief clerk, upon the hammer falling, recorded, on preprinted “clerking sheets” containing the item numbers and descriptions, the amount of the successful bid for each item sold and the bidder number. For each item, the clerking sheets also contained a number assigned to the consignor of the item. The entry on the clerking sheets for the subject antique denoted that it was consigned by consignor number 428, and handwritten notations *273 indicated that bidder number 305 successfully bid for the subject antique at a price of $400,000. The plaintiff thereafter sent an invoice to the defendant seeking payment for the subject antique. The defendant never remitted payment or took possession of the subject antique, which remained in the plaintiff’s storage facility.
The plaintiff subsequently commenced the instant action to recover damages, inter alia, for breach of a contract to purchase the subject antique. The defendant moved for summary judgment dismissing the complaint, arguing that any alleged contract was unenforceable for failure to comply with the statute of frauds. The plaintiff opposed the defendant’s motion and cross-moved for summary judgment on the issue of liability. The Supreme Court denied the defendant’s motion and granted the plaintiffs cross motion, and, after a nonjury trial on the issue of damages, entered judgment in favor of the plaintiff and against the defendant in the principal sum of $402,398. Because we conclude that the statute of frauds was not satisfied, we reverse the judgment, grant the defendant’s motion for summary judgment dismissing the complaint, and deny the plaintiffs cross motion for summary judgment on the issue of liability.
General Obligations Law § 5-701 (a) (6) provides:
“§ 5-701. Agreements required to be in writing
“a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent. . .
“6. Notwithstanding section 2-201 of the uniform commercial code, if the goods be sold at public auction, and the auctioneer at the time of the sale, enters in a sale book, a memorandum specifying the nature and price of the property sold, the terms of the sale, the name of the purchaser, and the name of the person on whose account the sale was made, such memorandum is equivalent in effect to a note of the contract or sale, subscribed by the party to be charged therewith” (emphasis added).
Here, in support of his motion for summary judgment, the defendant submitted the auctioneer’s “clerking sheets,” on which a memorandum was made at the time of sale, containing a description of the subject antique, the amount of the defendant’s winning bid, and notations indicating that the subject antique *274 was consigned by “#428” and purchased by bidder “#305.” The defendant argues that this memorandum was insufficient to satisfy the statute of frauds because it failed to specify the name of the purchaser and “the name of the person on whose account the sale was made” (id.).
“The statute of frauds does not require the ‘memorandum . . . to be in one document. It may be pieced together out of separate writings, connected with one another either expressly or by the internal evidence of subject matter and occasion’ ” (Crabtree v Elizabeth Arden Sales Corp., 305 NY 48, 54 [1953], quoting Marks v Cowdin, 226 NY 138, 145 [1919]; see Henry L. Fox Co. v Kaufman Org., 74 NY2d 136, 140 [1989]; Taylor Diversified Corporate Servs., Inc. v AMBAC Assur. Corp., 81 AD3d 810, 811 [2011]; Strain v Strain, 228 AD2d 491 [1996]). The statute will be satisfied either where the separate writings are all subscribed by the party to be charged or, if some of the writings are signed while others are not, where the signed and unsigned writings, on their face, “clearly refer to the same subject matter or transaction” and there is corroborative evidence of the acquiescence of the party to be charged to the contents of the unsigned writing (Crabtree v Elizabeth Arden Sales Corp., 305 NY at 55; see Willmott v Giarraputo, 5 NY2d 250, 253-254 [1959]; Strain v Strain, 228 AD2d 491 [1996]; BGP Corp. v Chemical Bank, 228 AD2d 629 [1996]). However, all of the essential terms of the contract must be set out in the various writings, and at least one writing, “the one establishing a contractual relationship between the parties,” must be signed by the party to be charged (Crabtree v Elizabeth Arden Sales Corp., 305 NY at 56; see Henry L. Fox Co. v Kaufman Org., 74 NY2d at 140; Strain v Strain, 228 AD2d 491 [1996]).[1]
Here, the defendant correctly observes that the clerking sheets did not contain the “name of the purchaser,” i.e., the defendant, as required by General Obligations Law § 5-701 (a) (6). However, the clerking sheets indicated that the successful bid was made by bidder number 305, and the absentee bid form contained both the defendant’s name, as well as his bidder number (i.e., 305). Additionally, the absentee bid form contained the defendant’s signature, which, the form explained, was necessary in order for any bids to be executed, and evinced agree *275 ment with the plaintiffs “terms.” The absentee bid form is, therefore, a signed writing, which can be considered in conjunction with the clerking sheets to meet the requirement of General Obligations Law § 5-701 (a) (6) that the memorandum include the name of the purchaser.
Moreover, even discounting the defendant’s signature on the absentee bid form, the clerking sheets and absentee bid form, on their face, clearly referred to the same subject matter or transaction. The absentee bid form contained the name of the auction house, the terms of any sale made at auction to an absentee bidder, the defendant’s bidder number, and the number assigned to the subject antique. The clerking sheets similarly set forth the name of the auction house, the number of the subject antique, and bidder number 305 as the successful bidder. Additionally, “there [was] little likelihood that the [absentee bid form] was fraudulently manufactured or that [the] defendant had not assented to its contents,” since he wrote his name, address, email address, telephone numbers, and credit card number on the form (Crabtree v Elizabeth Arden Sales Corp., 305 NY at 57).
Accordingly, assuming that the other requirements of General Obligations Law § 5-701 (a) (6) were met, the clerking sheets and the absentee bid form, taken together, satisfy the statutory requirement that the memorandum contain the name of the purchaser (see Crabtree v Elizabeth Arden Sales Corp., 305 NY at 56-57).
The same, however, cannot be said for the requirement that the memorandum contain “the name of the person on whose account the sale was made” (General Obligations Law § 5-701 [a] [6]). In this respect, the record establishes that the plaintiff failed to produce any writing identifying consignor “#428” by name, either in response to the defendant’s discovery demands or in opposition to the defendant’s motion for summary judgment. The plaintiff argues, however, that the requirement of the statute that the memorandum contain “the name of the person on whose account the sale was made” was satisfied solely by inclusion of the consignor’s assigned number on the clerking sheets.[2] We disagree.
“[W]hen the statutory ‘language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of *276 [the] words’ used” (People v Finnegan, 85 NY2d 53, 58 [1995], cert denied 516 US 919 [1995], quoting People ex rel. Harris v Sullivan, 74 NY2d 305, 309 [1989]; see NYCTL 1998-1 Trust v Oneg Shabbos, Inc., 37 AD3d 789, 790 [2007]). “Equally settled is the principle that courts are not to legislate under the guise of interpretation” (People v Finnegan, 85 NY2d at 58).
The plaintiff claims that it is common practice for auction houses not to disclose the names of their consignors, and that such disclosure is “unnecessary.” While it may be true that auction houses commonly withhold the names of consignors (see Foxley v Sotheby’s Inc., 893 F Supp 1224, 1230 [1995]), this Court is governed not by the practice in the trade, but by the relevant statute, which it is bound to apply in accordance with the foregoing rules of construction. In that regard, the statute clearly and unambiguously requires that the “name of the person on whose account the sale was made” (General Obligations Law § 5-701 [a] [6] [emphasis added]) be provided in the memorandum, which plainly means that the memorandum must contain information revealing the identity of that party. Indeed, it has generally been held that, to satisfy the statute of frauds, a writing must identify the parties (see Matter of Licata, 76 AD3d 1076, 1077 [2010]; Durso v Baisch, 37 AD3d 646, 647 [2007]; Sabetfard v Djavaheri Realty Corp., 18 AD3d 640, 641 [2005]; Tawil v Trani, 127 AD2d 829 [1987]; Villano v G & C Homes, 46 AD2d 907 [1974]; Hagedorn v Lang, 34 App Div 117, 120 [1898] [“ ‘It is sufficient (for statute of frauds purposes) if the names of the principals are inserted in such form and manner as to indicate that it is their contract’ ” (quoting Coddington v Goddard, 82 Mass [16 Gray] 436, 444 [1860])]). In Villano v G & C Homes, for example, this Court held that a memorandum of a purported contract did not satisfy the statute of frauds because, inter alia, the purchaser, who was described in the memorandum only as “Villano,” was not sufficiently identified (see Villano v G & C Homes, 46 AD2d at 907; see also Regan v Real Source Charities, Inc., 45 AD3d 1156 [2007] [memorandum of sale did not designate the defendant seller as a party]; Tawil v Trani, 127 AD2d at 830 [“The subject memorandum fails to satisfy a requirement of the Statute of Frauds in that it fails to name or designate the buyer” (citation omitted)]). Similarly, here, the notation that the subject antique was sold *277 by “#428” was insufficient to satisfy the statutory requirement that the memorandum contain “the name of the person on whose account the sale was made.”
The principle of law that a mark constitutes a valid signature does not, as the plaintiff contends, require a contrary conclusion. Of course, it has long been held that a mark or other designation is a valid form of signature as long as such mark or designation was intended by the affixing party to serve as his or her signature (see Jackson v Jackson, 39 NY 153 [1868]; Matter of Mack, 21 AD2d 205, 207 [1964]; Pearlberg v Levisohn, 112 Misc 95, 98-99 [1920]; see also General Construction Law § 46; Spielman v Manufacturers Hanover Trust Co., 60 NY2d 221, 227 [1983] [“a person may use any name or mark as a means of identification”]). In such cases, however, the mark or designation is associated with an identifiable person (cf. Spielman v Manufacturers Hanover Trust Co., 60 NY2d at 227 [a bank account number, rather than a person’s name, could be used in an endorsement where “the account is in existence and identifiable as belonging to a specific person”]). The difficulty in this case arises not merely from the use of a number in place of a name, but from the fact that the person associated with that number was never identified.
Additionally, the issue here is not whether the consignor number constituted the consignor’s valid signature. The notation “#428” was not placed by the consignor on a memorandum of the contract with the intent of executing or authenticating it (see General Construction Law § 46). Rather, since the contract of sale was made at an auction, the parties did not sign the contract in the traditional sense. General Obligations Law § 5-701 (a) (6) contemplates that parties to a contract of sale resulting from a public auction will not themselves sign the writing, by providing that a memorandum in the auctioneer’s clerking sheets, which conforms with certain specifications, “is equivalent in effect to a note of the contract or sale, subscribed by the party to be charged therewith” (General Obligations Law § 5-701 [a] [6]). A number placed upon the clerking sheets by the auctioneer cannot constitute a valid signature. Rather, the auctioneer’s memorandum is deemed to be a subscribed writing where all of the specifications of General Obligations Law § 5-701 (a) (6), including the inclusion of the name of the person on whose account the sale was made, are met.
To the extent that the requirement in General Obligations Law § 5-701 (a) (6) that the memorandum contain the name of, *278 rather than an assigned number for, the “person on whose account the sale was made” may be at odds with the general industry practice, and may be burdensome to consignors or auction houses or both, a change in the law to eliminate that requirement may be warranted. However, consideration of the propriety of that change is not for the courts, but rests with the legislature.
In sum, since the defendant demonstrated, prima facie, that the memorandum failed to include “the name of the person on whose account the sale was made,” and since the plaintiff failed to raise a triable issue of fact in that regard, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint, and, for the same reason, should have denied the plaintiffs cross motion for summary judgment on the issue of liability. Therefore, the judgment is reversed, on the law, the defendant’s motion for summary judgment dismissing the complaint is granted, the plaintiffs cross motion for summary judgment on the issue of liability is denied, the order dated November 16, 2009, is modified accordingly, the interlocutory judgment entered January 12, 2010, is vacated, and the complaint is dismissed.
Leventhal, Belen and Roman, JJ., concur.
Ordered that the judgment is reversed, on the law, with costs, the defendant’s motion for summary judgment dismissing the complaint is granted, the plaintiffs cross motion for summary judgment on the issue of liability is denied, the order dated November 16, 2009, is modified accordingly, the interlocutory judgment entered January 12, 2010, is vacated, and the complaint is dismissed.

. Under General Obligations Law § 5-701 (a) (6), where, as here, the contract relates to a public auction, the entries on the clerking sheets at the time of sale constitute the subscribed writings establishing the contractual relationship, despite the absence of signatures of the parties.

. The plaintiff does not argue, and, therefore, we do not consider, whether the requirement that the memorandum specifies “the name of the person on *276 whose account the sale was made” was satisfied by inclusion on the clerking sheets of its own name or the name of an agent of the consignor (cf. Hicks v Whitmore, 12 Wend 548, 553 [1834]).