██ KENTUCKY FRIED CHICKEN OF MIDDLETOWN, INC., Respondent, v ROCKLAND LEASE FUNDING CORPORATION, Appellant.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Fitzer, J.H.O.), entered October 10, 1989 in Orange County, upon a decision of the court in favor of plaintiff.

Plaintiff is a corporation which owns and operates a Kentucky Fried Chicken franchise store in the City of Middletown, Orange County. Defendant is a corporation engaged in financing for the leasing of restaurant equipment. In February 1985 the parties entered into negotiations for the purpose of

arranging financing for rental of equipment to be utilized in plaintiff's store. As a result of those negotiations, plaintiff's president, Jan Headlee, signed a form leasing document provided by defendant which recited, *inter alia,* that $105,000 worth of "[v]arious [r]estaurant [e]quipment" was "to be secured with $80/100,000 of real property, secured by either first or second mortgages". Thereafter, by letter dated February 27, 1985, defendant's president purported to restate the parties' understanding and the "conditions" upon which defendant's approval depended. Included in those conditions was that certain real property owned by plaintiff in Danbury, Connecticut, which was to serve as collateral, be appraised at "approximately $450,000.00" with "mortgages * * * not exceed[ing] approximately $200,000.00". A later appraisal valued the property at $410,000.

In or about August 1985, plaintiff encountered increased business expenses requiring it to refinance an existing second mortgage on the Connecticut property. At roughly the same time, plaintiff also determined that it was going to require more equipment for its franchise. Consequently, Headlee signed a second leasing document, backdated to February 22, 1985, which stated that the equipment was "to be secured with a second mortgage on [the Connecticut property]".

By letter dated October 4, 1985, defendant informed plaintiff that its recent refinancing of the second mortgage on the Connecticut property rendered such property unacceptable as collateral. The parties were then unable to reach an alternative collateral arrangement and plaintiff obtained the requisite financing elsewhere. Upon defendant's refusal to return plaintiff's advance rental payments, plaintiff commenced this action to recover $12,793.75. Following a bench trial, Supreme Court granted judgment in plaintiff's favor. This appeal followed.

There should be an affirmance. Upon our review of the trial record, we agree with Supreme Court that the parties failed to reach a meeting of the minds as to the essential terms of the agreement *(see, Blakey v McMurray,* 110 AD2d 998, 999). Defendant claims on this appeal that the second leasing document, together with defendant's February 27, 1985 letter, evidenced a complete understanding between the parties. This contention is unavailing. First, the letter from defendant established nothing more than various conditions to be fulfilled before plaintiff's lease could be approved by defendant. Next, the testimony of Headlee and defendant's senior vice-president, Henry Gruse, regarding the second leasing docu-

ment indicated that the parties never had a meeting of the minds on the issue of the collateral, namely plaintiff's Connecticut property, which was to secure the lease. Although the second document stated that defendant was to be positioned as second mortgagee, defendant admittedly knew from the outset of the parties' negotiations that there were already two unsatisfied mortgages on that property and the parties never conclusively resolved that issue. Finally, Gruse testified that a lease is only signed by defendant when "[it] as the lessor [has] a meeting of the minds with the lessee". The lease here, however, which expressly provided that it was "only * * * binding when accepted by the lessor", was never signed by defendant. In view of the foregoing, we cannot conclude that a binding contract came into existence between the parties. Accordingly, plaintiff was entitled to restitution of the advance rental payments made to defendant.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.