Fuld, J.
In October of 1954 defendant Rosa G-iarraputo gave the plaintiffs, Mr. and Mrs. Wilhnott, an option for a period of six months to purchase a piece of property which she owned. The option agreement, although containing various terms of sale, including the description of the property, the price to be paid and the amount of the purchase-money mortgage, provided, with respect to that mortgage, that 11 the payment of interest and amortization of principal shall be mutually agreed upon at the time of entering into a more formal contract.” The plaintiffs elected to exercise the option and a formal contract was submitted to them by the defendant’s attorney on June 1, 1955. It contained a provision that the mortgage was to be paid in installments and that the entire balance was to become due in 11 years. The plaintiffs declined to sign, it being their claim that an open mortgage had been agreed upon. They consulted a lawyer who modified the contract by inserting a provision which recited that “ Said mortgage [was] to include a privilege of pre-payment and a clause permitting the mortgagor to obtain releases of part of the mortgaged premises upon payment of 125% of the mortgage burden as apportioned to the part to be released.”
After some delay—nothing turns upon it since time has been found not of the essence — the plaintiffs signed the contract as thus changed and returned it to the defendant for her signature. She rejected it and this action to compel specific performance followed.
The defendant pleaded the Statute of Frauds and asserted a counterclaim for damages. The trial court dismissed the counterclaim—with which we are not here concerned—held the statute no bar and directed specific performance. In reaching this conclusion, the court said in part that the Statute of Frauds was “ satisfied by the signing of the option agreement by defendant and the preparation of the formal contract by *253 her attorney ”. The Appellate Division modified the judgment insofar as it mandated specific performance and dismissed the complaint upon the ground that “ The written option was unenforcible because agreement upon terms of the purchase-money mortgage was left to the future ”.
Few principles are better settled in the law of contract than the proposition that, “ If a material element of a contemplated contract is left for future negotiations, there is no contract enforcible under the Statute of Frauds or otherwise.” (Ansorge v. Kane, 244 N. Y. 395, 398; see, also, Keystone Hardware Corp. v. Tagne, 246 N. Y. 79, 82, 84; Pollak v. Dapper, 245 N. Y. 628, affg. 219 App. Div. 455.) While the price was the “material element” omitted in the Ansorge case, Pollak v. Dapper presents a situation almost identical with that now before us in that the memorandum explicitly provided that the terms of the purchase-money mortgage were to await the signing of a formal contract. Here, too, the option agreement expressly recites that the “payment of interest and amortization of principal” provided for in the mortgage were to be 1 ‘ mutually agreed upon at the time of entering into a more formal contract.” And, as one of the plaintiffs actually testified, the parties never agreed upon that matter. Not only were the plaintiffs dissatisfied with the contract drafted by the defendant’s lawyer, but their own attorney made a still further amendment to the contract, with respect to prepayment, which the parties had, so far as appears, never even discussed.
That is the end of the case.
However, in view of the reliance placed upon Crabtree v. Elizabeth Arden Sales Corp. (305 N. Y. 48), we add these few words. The plaintiff in that case sued the Elizabeth Arden company for breach of a contract of employment, relying upon an unsigned memorandum of the essential terms of the contract and a signed ‘ ‘ pay-roll change card ’ ’ which contained all of the terms except the duration of the contract. Together, these two writings were deemed sufficient to satisfy the Statute of Frauds, and oral testimony was admitted “ to show the connection between the documents and to establish the acquiescence, of the party to be charged, to the contents of the one unsigned ” (p. 55). With respect to such parol evidence, we declared, “ If that testimony does not convincingly connect the papers, or does not show *254 assent to the unsigned paper, it is within the province of the judge to conclude, as a matter of law, that the statute has not been satisfied ” (p. 56). And, of course, if no assent is shown, not only is the statute not satisfied, but there is no contract whatsoever. In the case before us, as already noted, it is clear beyond question — and from Mr. Willmott’s own say-so, even though the defendant’s son told a different story — that the parties never reached an agreement with respect to the terms of the purchase-money mortgage.
The judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Voorhis and Burke concur.
Judgment affirmed.