■ ANTHONY VILLANO et al., Appellants, v. G & C HOMES, INC., et al., Respondents — In an action by vendees for specific performance of an alleged contract to sell certain real property, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, dated January 31, 1974, (1) in favor of defendants in accordance with an order of the same court, dated October 29, 1973, which granted defendants' motion for summary judgment, (2) directing cancellation of a *lis pendens* and (3) setting the action down for assessment of damages sustained by defendants by reason of the prior grant to plaintiffs of a temporary restraining order. The appeal brings up for review said order. Judgment and order affirmed, without costs. In our opinion the motion for summary judgment was properly granted. The purpose of the Statute of Frauds is to remove uncertainty and prevent imposition through the assertion of unfounded and fraudulent claims, by requiring that certain contracts " or some note or memorandum thereof " be in writing (General Obligations Law, § 5–703, subd. 2). Although a memorandum is not itself the contract, but only written evidence of it, the memorandum, in order to satisfy the Statute of Frauds, must designate the parties, identify and describe the subject matter and state all the essential or material terms of the contract (*Tobias* v. *Lynch,* 192 App. Div. 54, affd. 233 N. Y. 515; 56 N. Y. Jur., Statute of Frauds, § 165). In the instant case the memorandum does not meet the requirements of the Statute of Frauds. It does not include all of the material terms of the contract and the purchaser is not sufficiently identified. The purchaser is described therein solely as " Villano ". The $100 deposit was paid by a check signed by one Alphonse Villano. However, that person is not one of the plaintiffs in this action and not one of the alleged purchasers. Further, the memorandum does not include the time or terms of payment. The rule of law cited by the dissenters, to wit, where the time of payment is not specified in a contract for the payment of money it is payable on demand, clearly is not applicable here. This is so in light of the admission in the complaint that the parties had agreed that, in addition to the $100 deposit paid at the time of execution of the oral agreement and memorandum, " the plaintiffs would pay the sum of ten percent upon the signing of a formal contract and the balance in cash at the time of closing " (see *Galletta* v. *Zuckerman,* 122 N. Y. S. 2d 10). This essential

term is missing from the memorandum. Martuscello, Latham and Christ, JJ., concur; Gulotta, P. J., dissents and votes to reverse the judgment and order, and deny the motion for summary judgment, with the following memorandum, in which Benjamin, J., concurs: This is an action for specific performance of a contract for the purchase of real property. Plaintiffs have at all times been ready, willing and able to purchase the property referred to in a written memorandum. Defendants refused to convey the property on the ground that the memorandum did not satisfy the Statute of Frauds (General Obligations Law, § 5–703, subd. 2) and moved for summary judgment. Their motion was granted and plaintiffs have appealed. The memorandum reads as follows: "Feb. 1, 1972 Received $100.00 Dollars deposit for the purchase of land at Falmouth Rd. L 100 x 130 Block No. 4856 Lot No. 79. I agree to sell land to Villano for 20,500. Formal contract to follow. /s/ Cassale /s/ Geonta" I do not believe this memorandum was insufficient, as a matter of law. Subdivision 2 of section 5–703 of the General Obligations Law reads, in relevant part, as follows: "A contract * * * for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." The memorandum meets all of the statutory requirements (see *Bryant* v. *Wilson*, 43 A D 2d 293). It contains (1) a description of the subject matter of the contract (*Tallman* v. *Franklin*, 14 N. Y. 584), (2) the names of the parties or a description of them (*Irvmor Corp.* v. *Rodewald*, 253 N. Y. 472; *Mentz* v. *Newwitter*, 122 N. Y. 491; *Tobias* v. *Lynch*, 192 App. Div. 54, affd. 233 N. Y. 515) and (3) a statement of the consideration. The memorandum's failure to state the terms of payment is of no consequence. Where time of payment is not specified in a contract for the payment of money, it is payable on demand (*N. E. D. Holding Co.* v. *McKinnley*, 246 N. Y. 40; *Bradford, Eldred & Cuba R. R. Co.* v. *New York, Lake Erie & Western R. R. Co.*, 123 N. Y. 316). Similarly, the memorandum, otherwise complete on its face, but silent as to the time of performance, still has legal effect. By implication of law the contract is to be performed within a reasonable time (*N. E. D. Holding Co.* v. *McKinley*, supra; *Tobias* v. *Lynch*, supra). The memorandum was also signed by the parties to be charged. Whether they signed the memorandum in their individual capacities or representative capacities is an issue to be developed at the trial. The object of the Statute of Frauds is to prevent fraudulent practices commonly sought to be upheld by perjury. This is not a proper case for the application of that statute.