■ MICHAEL SHEEHAN, Appellant, v FRANK CULOTTA, Respondent. (Action No. 1.) MICHAEL SHEEHAN, Appellant, v FRANK PROFETA, Respondent. (Action No. 2.) — In actions for specific performance of a contract for the sale of real property, plaintiff appeals from two judgments of the Supreme Court, Suffolk County (Cohalan, J.), both dated February 4, 1983, which dismissed the respective complaints against defendants Frank Culotta and Frank Profeta, after a nonjury trial, and canceled the notice of pendency of the action against defendant Culotta. Judgments affirmed, with one bill of costs to Frank Profeta. Plaintiff Sheehan and defendant Profeta had separately negotiated for the purchase of a parcel of land owned by defendant Culotta. Plaintiff drafted and Culotta signed a handwritten memorandum dated March 26, 1981, for the purchase of the subject land for $25,500 and a 1978 Grand Prix automobile, valued at $4,000. The memorandum noted the purchase was subject to the approval of plaintiff's attorney and that the deposit was $200. There was no mention in the memorandum of a land survey to be completed as a condition precedent to the purchase. A duplicate memorandum was signed by plaintiff. Subsequently, plaintiff's attorney drafted a formal contract which stated the purchase price was $30,000 and which required a $1,000 deposit upon signing

the contract. The formal contract was never executed and Culotta testified that he returned $150 of the $200 which plaintiff had deposited by check with him on the date the memorandum was signed. Thereafter, Culotta conveyed the property to defendant Profeta. Plaintiff commenced separate actions for specific performance against defendants Culotta and Profeta, which were tried together. The trial court granted judgment in favor of each defendant predicated on the affirmative defense that the memorandum, dated March 26, 1981, did not meet the requirements of the Statute of Frauds. We agree. In order to satisfy the Statute of Frauds (General Obligations Law, § 5-703, subd 2), a memorandum, signed by the party to be charged, must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement (see *Willmott v Giarraputo,* 5 NY2d 250; *Keystone Hardware Corp. v Tague,* 246 NY 79; *Aceste v Wiebusch,* 74 AD2d 810). In the instant case, plaintiff admitted that he and Culotta had an understanding at the time the memorandum was signed that a formal contract would be drafted and executed. Plaintiff further admitted that he would not have purchased the property without a formal contract, the approval of his attorney, and a land survey. Such an understanding is evidence that the memorandum was not intended to be a complete agreement (see *Scheck v Francis,* 26 NY2d 466; *Willmott v Giarraputo, supra; Kingsbridge Improvement Co. v American Exchange-Pacific Nat. Bank,* 249 NY 97; *Bernat v West Seventy-Third St. Corp.,* 230 App Div 18, affd 256 NY 588; *Spielvogel v Veit,* 197 App Div 804; *Pomponio v Petrillo,* 59 NYS2d 65). Furthermore, at the time the memorandum was subscribed by Culotta, the down payment and the purchase price were not settled, as evidenced by the discrepancy in the amount of the deposit and the total price recorded in the memorandum and the formal contract. Where an essential element of the contemplated contract, such as the price (see *Ansorge v Kane,* 244 NY 395; *Aceste v Wiebusch, supra*) or the deposit (see *Villano v G & C Homes,* 46 AD2d 907) is unsettled and left for future negotiations, the agreement is unenforceable under the Statute of Frauds (*Willmott v Giarraputo, supra*). Consequently, the trial court correctly concluded that where there is an understanding that a more formal contract is to follow a memorandum, and essential terms have been omitted or left for future negotiations, the memorandum is insufficient to satisfy the Statute of Frauds (see *Read v Henzel,* 67 AD2d 186, 198; *Willmott v Giarraputo, supra; Israelson v Bradley,* 139 NYS2d 107, affd 285 App Div 971). Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.