ROBERT BLAKEY et al., Appellants, v JOHN E. McMURRAY et al., Respondents. — Levine, J.

Defendants had been renting plaintiffs' house for about six months when, on January 27, 1981, defendant John E. McMurray (hereinafter defendant) wrote to plaintiff Robert Blakey (hereinafter plaintiff) to "propose an offer of $74,000 [for the purchase of plaintiffs' house] if the arrangements can be made quickly without the necessity of involving realtor fees". In a letter dated January 30, 1981, plaintiff agreed to the purchase price of $74,000 and then proceeded to list four "issues that we should settle" before having an attorney draw up the deed, mortgage and other closing papers. The listed issues concerned the method and terms of financing the purchase. Plaintiff proposed that defendants take over the payment of the existing

mortgage on the property and plaintiffs would also take back a second mortgage, the terms of which had yet to be agreed upon.

On February 20, 1981, defendants informed plaintiffs by phone that they would not be purchasing the property after all. Plaintiffs proceeded to list the property with a broker and, on August 20, 1981, they sold it for $75,000. Plaintiffs then brought the instant action, sounding in breach of contract, to recover the difference between defendants' alleged offer of $74,000 and plaintiffs' net realized price of $71,500 (representing the $75,000 purchase price less the $3,500 brokerage commission). Special Term ultimately granted summary judgment in favor of defendants, finding that no contract had been created.

On this appeal, plaintiffs argue that defendant's letter of January 27, 1981 constituted a formal offer to purchase which was accepted by plaintiff in his letter of January 30, 1981, thereby creating an enforceable contract of sale. We cannot agree.

While an exchange of letters may, in some instances, create a binding contract for the sale of real property, no contract can be created where a material element of the contemplated bargain has been left for future negotiations (*Willmott v Giarraputo,* 5 NY2d 250, 253; *Sheehan v Culotta,* 99 AD2d 544, 545). The terms of a mortgage subject to which a purchaser is to take title to real property constitutes such a material element of the contract (*Willmott v Giarraputo, supra; Read v Henzel,* 67 AD2d 186, 189). In the instant case, the correspondence between the parties, in which defendant made an offer to buy "*if* the *arrangements* can be made", to which plaintiff responded favorably, but reserved concerning financing "issues that we *should settle*" (emphasis supplied), clearly demonstrates that further negotiations were contemplated regarding the method of financing the purchase. Since the parties admittedly had not reached a meeting of the minds upon this essential element of the bargain, the writings in question failed to create a binding contract. Accordingly, Special Term was correct in granting summary judgment in favor of defendants.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.