■ DUTCHESS DEVELOPMENT CO., INC., as Assignee of SHIMON TOPOR, Appellant, v JO-JAM ESTATES, INC., Respondent.—In an action for specific performance of a contract for the sale of real estate, or, in the alternative, to recover damages for breach of contract, the plaintiff buyer appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Benson, J.), entered July 25, 1986, as, upon renewal, adhered to its original determination made in an order of the same court, dated May 9, 1986, granting the defendant's motion to dismiss the action pursuant to CPLR 3211 (a) (5) for failure to satisfy the Statute of Frauds.

Ordered that the order is affirmed insofar as appealed from, with costs.

The motion to dismiss the complaint was properly granted. In order to satisfy the Statute of Frauds (General Obligations Law § 5-703 [2]), a memorandum signed by the party to be

charged must state all the essential or material terms of a complete agreement *(see, Willmott v Giarraputo,* 5 NY2d 250; *Sheehan v Culotta,* 99 AD2d 544).

According to the complaint, the defendant seller signed a letter dated November 5, 1985, which set forth certain terms, including the terms of a purchase-money mortgage. However, the November 5 letter did not identify the prospective buyer, the prospective seller, and the subject property. Allegedly the plaintiff countersigned the November 5 letter and returned it to the defendant under cover of the plaintiff's own letter dated December 10, 1985, which acknowledged that the purchaser would be a corporation whose name was not yet identified. In addition, the plaintiff's letter required a change in the terms of the purchase-money mortgage and requested that "all the necessary papers" be sent to the prospective buyer's attorney. These letters make clear that the November 5 letter was not intended to be and was not accepted by the plaintiff as a complete agreement *(see, Sheehan v Culotta, supra,* at 545; *see also, Generas v Hotel des Artistes,* 117 AD2d 563, 566, *lv denied* 68 NY2d 606).

Subsequently, by letter dated December 18, 1985, the plaintiff's attorney requested that the defendant's attorney send "a draft of the proposed agreement of sale". Thereafter, the plaintiff's attorney requested a change in the down payment term. In subsequent drafts of the contract, dated January 1986 and February 1986, both the terms of the purchase-money mortgage and terms of the down payment changed.

Thus, at the time the November 5 letter was allegedly subscribed by the defendant, the down payment and purchase-money mortgage terms were not settled, as evidenced by the prospective buyer's correspondence and the contrast between the November 5 memorandum and the December and January proposed draft contracts. Because these essential elements of the contemplated contract were unsettled and left for future negotiations, the agreement is unenforceable under the Statute of Frauds *(see, Sheehan v Culotta, supra; Villano v G & C Homes,* 46 AD2d 907, *lv dismissed* 40 NY2d 806, 959, 989; *see also, Generas v Hotel des Artistes, supra).* Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.