■ DAVID DONNER, Appellant, v MORRIS SEPTIMUS, Respondent.—In an action, *inter alia,* to compel the specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Williams, J.), dated January 12, 1987, which after a nonjury trial, dismissed the complaint due to the plaintiff's failure to satisfy the requirements of the Statute of Frauds, and (2) a judgment of the same court, dated January 30, 1987, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The parties to this action subscribed to the following memorandum on or about April 17, 1979: "Received of Mr. David Donner $1000 binder for the purchase of house at 976 East 9th Street—purchase price $100,000—It is understood that no commission in the sale is involved in this transaction". However, at the time this memorandum was created, the parties had not yet agreed on the terms of payment, which is an essential element of a contract for the sale of real property (cf., Ansorge v Kane, 244 NY 395; Villano v G & C Homes, 46 AD2d 907, appeal dismissed 36 NY2d 918, lv dismissed 40 NY2d 806, 959). Nor had they agreed on the status of the tenants, including one who had an existing lease, then residing in the defendant's home; the date on which the defendant would surrender possession of the house; or a closing date. Indeed, the parties contemplated that these items, and others, would be further negotiated and addressed in a formal contract.

A memorandum, in order to satisfy the requirements of the Statute of Frauds (General Obligations Law § 5-703 [2]), must not only designate the parties, identify and describe the subject matter and be signed by the party to be charged, it must also state all of the essential terms of the parties' agreement (see, Willmott v Giarraputo, 5 NY2d 250). If at the time a memorandum is created, "an essential element of the contemplated contract * * * is unsettled and left for future negotiations, the agreement is unenforceable under the Statute of Frauds" (Sheehan v Culotta, 99 AD2d 544, 545, citing Willmott v Giarraputo, supra). Consequently, the trial court correctly concluded that the memorandum subscribed to by the parties here did not satisfy the requirements of the Statute of Frauds (see, Sheehan v Culotta, supra; Read v Henzel, 67 AD2d 186, 188).

We note that the trial court's refusal to allow the plaintiff's attorney to utilize the defendant's deposition testimony during the cross-examination of the defendant, while error (see, CPLR 3117 [a] [2]), does not warrant reversal of the judgment and a new trial because the proffered evidence would not have added anything to the plaintiff's case (see, Matter of Schaich, 55 AD2d 914, lv denied 42 NY2d 802). Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.