■ PING LUM, Respondent, v YOUNG WOMEN'S CHRISTIAN ASSOCIATION, Appellant.—Order unanimously reversed on the law with costs and motion granted. Memorandum: In February 1984, defendant leased certain premises to plaintiff for a three-year term at fixed, escalating annual rents. The lease granted plaintiff an option to renew for an additional three-year period upon the same terms and conditions "except that the rental rate shall be renegotiated between the parties." Although plaintiff claims and defendant denies that the option was exercised, it is clear in the record that the parties did not agree as to the amount of rent to be paid during the renewal period.

A provision in a lease that the rent is to "be renegotiated between the parties" is unenforceable for uncertainty; it is a mere agreement to agree *(Martin Delicatessen v Schumacher,* 52 NY2d 105; *Willmott v Giarraputo,* 5 NY2d 250). Where, as here, there is no other language in the agreement from which the amount of the rent to be paid during the renewal period

can be ascertained, the option to renew cannot be effectuated and defendant cannot be compelled to renew the lease *(Martin Delicatessen v Schumacher, supra)*. Since the first three causes of action of plaintiff's complaint are based on defendant's alleged failure to renew the lease, those causes of action must be dismissed. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.