■ EZRA ASHKENAZI, Appellant, v JOHN J. KELLY et al., Respondents.—Order of the Supreme Court, Bronx County (Juck Turret, J.), entered on March 3, 1989, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, is unanimously affirmed, without costs or disbursements.

Plaintiff-appellant seeks damages and specific performance based upon an alleged agreement with defendant-respondent. Plaintiff, a tenant through his closely held corporation, Ash Realty Ltd., in a small commercial building located on Southern Boulevard in The Bronx, arranged to purchase the property from defendant. The discussions between the parties culminated in a handwritten instrument which was signed on January 29, 1987 and provides that: "Agreeable agreement between John J. Kelly and Ezra Ashkenazi about building 1026-1036 Southern Blvd. Bronx, N.Y. (known as Boulevard Theatre) $1.3 millon *[sic]* (one million three hundred thousand dollars). John J. Kelly will hold the mortgage for 15 or 20 years which ever *[sic]* agreeable between two parties mentioned above. Two cash payments of $250,000.00 (two hundred fifty thousand dollars). Cash payment depend *[sic]* on the taxes which John J. Kelly pays toward income taxes and other taxes. The total deal is $1.8 million (one million and eight hundred thousand dollars)".

Defendant contends that no complete agreement was ever reached and that, therefore, the writing relied upon by plaintiff is inadequate on its face to constitute an enforceable contract. In that regard, it is clear that the document in question leaves open for future negotiations the terms of the purchase-money mortgage and the cash payments to be made and, hence, by its language and tone is an agreement to agree in the future. The Statute of Frauds (General Obligations Law § 5-703) requires that any contract for the sale of real property be in writing and subscribed by the party to be charged. The law is well established that a contemplated contract which omits a material element is unenforceable under the Statute of Frauds *(Willmott v Giarraputo,* 5 NY2d 250; *Dutchess Dev. Co. v Jo-Jam Estates,* 134 AD2d 478; *Tetz v Dexter,* 133 AD2d 79; *Tamir v Greenberg,* 119 AD2d 665, *lv denied* 68 NY2d 607; *Generas v Hotel des Artistes,* 117 AD2d 563, *lv denied* 68

NY2d 606; *Blakey v McMurray,* 110 AD2d 998; *Deli of Latham v Freije,* 101 AD2d 935, *affd* 63 NY2d 915; *Sheehan v Culotta,* 99 AD2d 544). Moreover, while parol evidence may be considered where the instrument is ambiguous, it cannot be used to satisfy the Statute of Frauds when, as herein, the writing itself is plainly insufficient on its face *(Scheck v Francis,* 26 NY2d 466). Since the subject memorandum reserves for future agreement the terms of the purchase-money mortgage and the amount of the cash payments to be made by plaintiff, the contract does not encompass all of the essential elements and, thus, the Supreme Court properly granted defendant's motion to dismiss the complaint.

The instant situation is readily distinguishable from the recent decision by the Court of Appeals in *Cobble Hill Nursing Home v Henry & Warren Corp.* (74 NY2d 475, 483), wherein the price of the sale was to be fixed by a third party and could be determined by "an objective standard without the need for further expressions by the parties". In the case involved herein, there was no objective standard or method articulated in the agreement to establish essential terms and, indeed, the writing specifically required the parties to agree in the future as to the duration of the mortgage and that the down payment be ascertained by speculative and undetermined events, that is, income and other taxes to be paid by the seller. Concur—Murphy, P. J., Milonas, Kassal and Rubin, JJ.