## In re RIVERSIDE NURSING HOME, a partnership, Debtor.

### Bankruptcy No. 82 B 20338.

United States Bankruptcy Court,
S.D. New York.

Feb. 24, 1992.

Serchuk & Zelermyer, White Plains, N.Y., for Rednel Tower, Ltd.

Zane and Rudofsky, New York City, for debtor.

DECISION ON APPLICATION FOR A POST–CONFIRMATION ORDER DIRECTING DEBTOR TO JOIN IN EXECUTION AND DELIVERY OF AGREEMENT PROVIDING FOR TRANSFER OF NURSING HOME FACILITY TO A VOLUNTARY RECEIVER

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Rednel Tower, Ltd. ("Rednel"), the owner of the debtor's premises as a result of a mortgage foreclosure, has applied pursuant to 11 U.S.C. § 1142 for a post-confirmation order directing the debtor, Riverside Nursing Home ("Riverside"), to join in the execution and delivery of an agreement providing for the transfer of the Riverside nursing home facility to a voluntary receiver. In lieu of conversion to Chapter 7, the debtor, Riverside, entered into a Stipulation and Order in its Chapter 11 case whereby Riverside agreed to file a plan providing for the transfer of the Riverside nursing home facility either to a transferee approved by the New York State Department of Health or to a voluntary receiver in

accordance with § 2810 of the New York Public Health Law. Riverside's confirmed amended plan incorporated the Stipulation and Order and provides, in part, for turnover of the nursing home to a transferee approved by the New York Department of Health within 30 days after the effective date of the plan. This period ended on August 28, 1989.

The debtor, Riverside, opposes Rednel's application on the ground that the time for the debtor to turn over possession of its facilities ended on August 28, 1989 and that Rednel's application is too late and is barred by laches. Additionally, Riverside argues that a receiver can only be appointed after August 28, 1989 on conditions that are acceptable to it and with its consent.

## FINDINGS OF FACT

1. Riverside filed a petition for relief in this court on June 3, 1982 under Chapter 11 of the United States Bankruptcy Code and has continued in the possession, management and operation of its business, a nursing home located in Haverstraw, New York.

2. Rednel is the owner of the premises occupied by Riverside pursuant to a Referee's Deed delivered to Rednel and recorded on April 15, 1986.

3. By stipulation dated February 3, 1989 and so-ordered by this court on February 8, 1989, Riverside agreed, within thirty days after confirmation of the plan of reorganization, to turn over the premises it occupies to a transferee designated by Rednel and approved by the New York State Department of Health and the Public Health Council of the State of New York.

4. On July 13, 1989, this court approved the debtor's First Amended Plan of Reorganization and entered an order which states, in pertinent part:

The turnover of the debtor's operations to a transferee designated by Rednel Tower, Ltd. and approved by the New York State Department of Health and the Public Health Council of the State of New York, as contemplated by paragraph 5.06 of the First Amended Plan of Reorganization, be, and it hereby is approved.

5. Paragraph 5.06 of the First Amended Plan of Reorganization provides as follows:

Thirty days after the effective date, the debtor's operations shall be turned over to a transferee designated by Rednel and approved by the New York State Department of Health and the Public Health Council of the State of New York. If a transferee has not been so approved, then subject to approval of a receiver agreement by the United States Bankruptcy Court for the Southern District of New York, the debtor shall then consent to the appointment of a voluntary receiver appointed pursuant to New York Public Health Law § 2810.

First Amended Plan of Reorganization at para. 5.06.

6. The "effective date," as defined in the plan, is the next business date after the order confirming the plan becomes final. The plan defines "final order" as the first business day after the time to appeal or seek review or rehearing of the order has expired. Accordingly, the time for the debtor to turn over possession of its facilities to a transferee designated by Rednel and approved by the New York State Department of Health and the Public Health Council of the State of New York ended on August 28, 1989.

7. Pursuant to the terms of the plan and the July 13, 1989 order of this court, Rednel designated a transferee, who submitted an application for approval to the New York State Department of Health.

8. Although Riverside requested the appointment of Charles Brennick as transferee, the New York State Department of Health did not take action on the request within 30 days after confirmation of the debtor's plan. Indeed, the New York State Department of Health failed to approve or reject the appointment of Charles Brennick as transferee.

9. Accordingly, by application dated August 23, 1989, Rednel requested that this court enter an order extending to October 2, 1989, the 30 day period for turnover of Riverside's facility. At the hearing held on

September 5, 1989, counsel for Riverside expressed his desire to wind down the debtor's operations in the following language:

Your Honor, perhaps we can clarify. The essence of this motion is that Rednel would like Riverside to keep operating pending approval of their designated receiver so that the receiver can take over operations. And we've provided in the plan that that turnover would take place within thirty days, and it hasn't happened because the State has not approved Rednel's designee. Nor has Rednel which it could, proffer a substitute designee who doesn't have the problems that Mr. Brenick [sic] may have, being approved. Rednel has stuck with its initial choice and due to perhaps some of its own actions, and certainly the State's, it has not been approved.

. . . .

Rednel doesn't want Riverside to wind down. Rednel wants to compel Riverside to continue in operation, continue to lose money, and not offer it any reimbursement for its losses. Riverside would like to wind down. If there is something approved, if there is a receiver approved during that time period, we can discuss it at that point.

Record at 12–14.

10. The court denied Rednel's request to extend the 30 day period for turnover of Riverside's facility and also entered an order dated October 11, 1989 which authorized Riverside, pursuant to paragraph 5.01 of the amended plan, to wind down and liquidate its operations.

11. Thereafter, in November of 1989, Rednel submitted a voluntary receiver agreement to Riverside which named Northern Metropolitan Residential Health Care Facility, Inc. ("Northern Metropolitan") as the receiver. This proposed agreement was submitted for approval to the Health Department on November 17, 1989. Riverside did not sign the voluntary receiver agreement, although it was signed by Rednel, Northern Metropolitan, and the office of Health Systems Management, New York State Department of Health.

12. Northern Metropolitan's executive director testified that it proposes to purchase the premises from Rednel and will apply to the Department of Health for authority to become the licensed operator of the nursing home. Meanwhile, Riverside has continued in operation following the confirmation of its wind down plan of reorganization and contends that it is now operating at a profit and would like to continue such operations to recoup earlier losses. Therefore, Riverside argues that if it is required to consent to the appointment of a voluntary receiver, as contemplated in its confirmed plan of reorganization, it will lose the opportunity of recouping the losses it suffered before it started to make a profit.

13. The voluntary receiver agreement which designated Northern Metropolitan as the receiver and which was executed by Rednel and the office of Health Systems Management, New York Department of Health, reasonably implements the provisions of the debtor's confirmed Chapter 11 plan and properly reflects the procedure necessary to obtain the appointment of a receiver pursuant to New York Public Health Law § 2810.

### DISCUSSION

■ This case illustrates how a creditor, after confirmation of the debtor's Chapter 11 plan, may prevent the debtor from extricating itself from the express terms of the confirmed plan. The confirmed plan provides in relevant part as follows:

Thirty days after the effective date, the debtor's operations shall be turned over to a *transferee* designated by Rednel and approved by the New York State Department of Health and the Public Health Council of the State of New York.

First Amended Plan of Reorganization at para. 5.06 (emphasis added).

The condition was not met within the thirty day period because the New York State Department of Health did not issue an approval of the transferee designated by the creditor, Rednel. The confirmed plan then provides if this condition is not met and a transferee has not been so approved, an

alternative prerequisite shall apply as follows:

> If a transferee has not been so approved, then subject to approval of a receiver agreement by the United States Bankruptcy Court for the Southern District of New York, the *debtor shall then consent to the appointment of a voluntary receiver* appointed pursuant to New York Public Health Law § 2810.

First Amended Plan of Reorganization at para. 5.06 (emphasis added). Section 2810 of the New York Public Health Law provides that the owners of a residential health care facility may request the Health Department to take over the operation of the facility by the appointment of a receiver pursuant to an agreement with the owners.[1]

Because no transferee designated by Rednel was ever approved by the New York Department of Health within thirty days after the effective date of Riverside's Chapter 11 plan, Riverside now concludes that it is relieved of the obligation under the plan to consent to the appointment of a voluntary receiver pursuant to New York Public Health Law § 2810. It is clear from the express language in paragraph 5.06 of the plan that if a transferee designated by Rednel is not approved by the New York State Department of Health within thirty days after the effective date of the plan, the debtor shall then consent to the appointment of a voluntary receiver, if this court approves a receiver agreement. Manifestly, the thirty-day limitation applies to the appointment of a transferee and not to the subsequent appointment of a voluntary receiver. Accordingly, Riverside is unpersuasive when it argues that it is now too late for Rednel to seek the appointment of a voluntary receiver, as provided in the Chapter 11 plan, or that Rednel is barred

by laches. Both parties recognized that the approval of the New York State Department of Health was a condition precedent to the appointment of a transferee designated by Rednel. That condition was beyond Rednel's control and cannot form the basis for a laches defense against Rednel's right to seek the appointment of a voluntary receiver, as contemplated under the plan if a transferee was not approved by the New York State Department of Health.

■ Riverside is bound by the terms of the confirmed Chapter 11 plan in accordance with 11 U.S.C. § 1141(a) and may not now challenge any portion of the plan. *In re Garsal Realty, Inc.,* 39 B.R. 991 (N.D.N.Y.1984), *aff'd,* 755 F.2d 913 (2d Cir. 1985); *In re Doty,* 129 B.R. 571 (Bankr. N.D.Ind.1991).

■ After a Chapter 11 plan has been confirmed the debtor is required to carry out the provisions of the plan and the court is authorized to direct the debtor to perform any act necessary for the consummation of the plan, as stated in 11 U.S.C. § 1142, which provides as follows:

**§ 1142. Implementation of plan.**

(a) Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.

(b) The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of

---

1. **§ 2810. Residential health care facilities; receivership**

    1. The owner or owners of any residential health care facility may at any time request the department to take over the operation of such facility by the appointment of a receiver. Upon receiving such a request, the department may, if it deems such action desirable, enter into an agreement with any such owners on the appointment of a receiver to take

charge of the facility under whatever conditions as shall be found acceptable by both parties. Receivership commenced in accordance with the provisions of this subdivision shall terminate at such time as is agreed upon by the parties, or at such time as either party notifies the other in writing that he wishes to terminate such receivership.

N.Y. Pub. Health Law § 2810 (McKinney 1985).

any lien, that is necessary for the consummation of the plan.

11 U.S.C. § 1142.

Subsection (b) of § 1142 expressly authorizes the court to direct a recalcitrant debtor or other party to perform acts necessary to consummate the plan. *In re Goldblatt Bros., Inc.*, 132 B.R. 736, 741 (Bankr. N.D.Ill.1991). Accordingly, the court may invoke 11 U.S.C. § 1142 to order a debtor to sell a home in accordance with the terms of a confirmed Chapter 11 plan. *In re Harlow Properties, Inc.*, 56 B.R. 794, 798 (9th Cir. BAP 1985). Pursuant to 11 U.S.C. § 1142(b), a court may appoint an agent for the liquidation of the debtor's property and the distribution of the proceeds. *In re Jorgensen*, 66 B.R. 104, 108 (9th Cir. BAP 1986). Similarly, a court may direct a confirmed debtor to retain professional management, order payments to creditors from specific accounts and direct that funds be held so as to implement the plan. *In re Coral Air, Inc.*, 40 B.R. 979, 983–84 (D.C. V.I.1984). To consummate a plan, a court may order the appointment of a search committee to locate missing creditors so that unclaimed funds may be distributed to them. *Goldblatt Bros.*, 132 B.R. at 741.

In the instant case, the debtor, Riverside, entered into a stipulation with its major creditor, Rednel, to turn over the nursing home to a transferee designated by Rednel and approved by the New York State Department of Health. Riverside further agreed that it shall consent to the appointment of a voluntary receiver appointed pursuant to New York Public Health Law § 2810, if a transferee was not timely approved.

■ Riverdale argues that "an agreement to agree" is unenforceable under New York and common law and that the courts will not compel the parties to enter into an agreement, nor impose an agreement upon the parties where material terms are left for future negotiations, citing *Joseph Martin, Jr., Delicatessen v. Schumacher*, 52 N.Y.2d 105, 417 N.E.2d 541, 436 N.Y.S.2d 247 (1981), and *Willmott v. Giarraputo*, 5 N.Y.2d 250, 157 N.E.2d 282, 184 N.Y.S.2d 97 (1959). These cases are not applicable to the instant controversy because Riverside need not execute the receiver agreement entered into between Rednel, Northern Metropolitan as the selected receiver, and the Office of Health Systems Management, New York State Department of Health. All that is required pursuant to paragraph 5.06 of the First Amended Plan of Reorganization is that this court must initially approve a receiver agreement, after which the debtor "shall then consent to the appointment of a voluntary receiver." Riverside need not enter into the receiver agreement. The receiver agreement spells out the terms and conditions under which Northern Metropolitan will serve as the receiver designated by Rednel and Riverside. It is binding solely on the parties to the agreement. However, the receiver cannot be appointed to act under the agreement unless Riverside complies with its obligations under its confirmed plan to "consent to the appointment of a voluntary receiver." This is a ministerial task which Riverside is bound to perform pursuant to its confirmed Chapter 11 plan.

This case is unlike the facts in *In re Modern Steel Treating Co.*, 130 B.R. 60 (Bankr.N.D.Ill.1991), which Riverside did not cite. There, the plan provided that allowed claims were to be assigned to one of the corporate shareholders in consideration of an agreement to be entered into between the shareholder and certain claimants. The claimants asked the court to compel the shareholder to enter into an agreement that they drew up which contained a number of terms not mentioned in the confirmed plan or the disclosure statement. The court refused to apply 11 U.S.C. § 1142 because it could not compel the execution of a contract when there was no agreement on the terms. The court would not enforce a contract to be entered into in the future when the terms could not be determined independently of the party's mere wish or desire. *Id.* at 65. In the instant case, Riverside and Rednel have already agreed by stipulation and under the confirmed plan that subject to a receiv-

er agreement approved by this court, Riverside "shall then consent" to the appointment of a voluntary receiver appointed pursuant to New York Public Health Law § 2810.

Consideration was given to the terms and conditions of the voluntary receiver agreement which names Northern Metropolitan as the receiver, and which was executed by Rednel and the office of Health Systems Management, New York State Department of Health. The receiver agreement complies with the procedure to be followed for the receiver's appointment and reflects the essence of Riverside's confirmed plan, which is to turn over the nursing home either to a transferee designated by Rednel or a receiver appointed in accordance with New York Public Health Law § 2810. Accordingly, Riverside shall consent to the appointment of such voluntary receiver.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(A).

2. The voluntary receiver agreement designating Northern Metropolitan as the receiver, which was executed by Rednel and the office of Health Systems Management, New York Department of Health, is approved.

3. Pursuant to 11 U.S.C. § 1142(b), Riverside is directed to consent to the appointment of Northern Metropolitan as the voluntary receiver to be appointed pursuant to New York Public Health Law § 2810.

4. Riverside shall execute and deliver any instrument required and perform any act necessary to achieve the appointment of Northern Metropolitan as the voluntary receiver to be appointed pursuant to New York Public Health Law § 2810.

SETTLE ORDER on notice.