■ DURANTE BROS. CONSTRUCTION CORPORATION, Appellant-Respondent, v COLLEGE POINT SPORTS ASSOCIATION, INC., et al., Respondents-Appellants. [615 NYS2d 455] —In an action to recover damages for breach of contract and for tortious interference with contractual relations, the plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Smith, J.), dated August 13, 1992, as, upon an order of the same court, dated September 20, 1991, granting the defendants' motion to dismiss the complaint, dismissed the complaint, and the defendants appeal from so much of the order dated September 20, 1991, as in effect, denied their application for an award of attorneys' fees, and from so much of the judgment as denied them attorneys' fees. The plaintiff's notice of appeal from the order dated September 20, 1991, is deemed a premature notice of appeal from the judgment.

Ordered that the defendants' appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendants' appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

General Obligations Law § 5-701 (a) (1) provides that an agreement which, by its own terms, cannot be performed within one year from the date of its making, must be in writing signed by the party to be charged. To satisfy the Statute of Frauds, the writing must contain all the essential or material terms of a complete agreement (see, Cohon & Co. v Russell, 23 NY2d 569; Dutchess Dev. Co. v Jo-Jam Estates, 134 AD2d 478).

The memorandum signed by the plaintiff and the defendant College Point Sports Association, Inc. (hereinafter College Point), a not-for-profit corporation, provided that the plaintiff would refurbish College Point's sports complex in three phases. The memorandum did not state the consideration for the agreement and only the work to be performed in Phase I was set forth.

According to the plaintiff's own interpretation of the memo-

randum, all three phases of the work were not to be completed within one year. Consequently, a writing sufficient to satisfy the Statute of Frauds was necessary to make the contract enforceable. Contrary to the plaintiff's contention, the agreement was not outside the Statute of Frauds because Phase I could be completed within a year. The agreement encompassed all three phases of the work.

We agree with the Supreme Court's conclusion that the memorandum did not contain all the material terms of the alleged agreement. The full scope of the work was not set forth, nor was the consideration stated. The consideration cannot be inferred, as the plaintiff contends, particularly in this case where the alleged consideration was not simply payment for the work to be performed. The doctrine of part performance is inapplicable because the plaintiff's alleged acts were not "unequivocally referable" to the agreement *(see, Anostario v Vicinanzo,* 59 NY2d 662, 664). Consequently, the Supreme Court properly dismissed the first cause of action to recover damages for breach of contract.

The second cause of action asserted against the individual defendants to recover damages for tortious interference with contractual relations was also properly dismissed. There can be no cause of action to recover damages for tortious interference with a contract where there is no valid and enforceable contract *(see, Stratford Materials Corp. v Jones,* 118 AD2d 559). Further, as there was no reasonable probability that the plaintiff could prove gross negligence or intentional harm, the individual defendants were entitled to the qualified immunity afforded by Not-For-Profit Corporation Law § 720-a *(see,* CPLR 3211 [a] [11]).

Finally, attorney's fees are not ordinarily recoverable unless there is a contractual or statutory provision therefor *(see, Green v Fischbein Olivieri Rozenholc & Badillo,* 119 AD2d 345). Accordingly, the issues raised on the cross appeal are without merit. Thompson, J. P., Sullivan, Ritter and Altman, JJ., concur.