In the Matter of ATTALLA GOLF AND COUNTRY CLUB, INC., Debtor.

Brent Lee JORDAN, Plaintiff,

v.

ATTALLA GOLF AND COUNTRY CLUB, INC., Defendant.

Bankruptcy No. 93–42865.

Adv. No. 95–40254.

United States Bankruptcy Court, N.D. Alabama, Eastern Division.

May 8, 1995.

Charles Martin, McCord & Martin, Gadsden, AL, for debtor.

Harry Long, Anniston, AL, for plan proponent.

Thomas J. Knight, Anniston, AL, for Clayton Dobbins, plan proposed purchaser.

Andre´ M. Toffel, Toffel & Sparks, P.C., Birmingham, AL, for competing purchasers.

### MEMORANDUM OPINION AND ORDER

JAMES S. SLEDGE, Bankruptcy Judge.

This matter is before the Court on the complaint and motion filed by Brent Lee Jordan, the plan proponent, requesting the Court to enforce compliance with the plan that the Court confirmed on March 29, 1995. Specifically, Jordan requests the Court to require the debtor's president, Mr. P.A. Waters, to properly execute the Deed and Bill of Sale in the favor of Mr. Clayton Dobbins as contemplated by the plan. The Court granted the proponent's motion for an expedited hearing on the matter and on April 24, 1995 held said hearing. Appearing before the Court were the president of the debtor in possession, the attorney for the debtor in possession, the attorney for the proponent, Mr. Clayton Dobbins (the plan proposed buy-

er), the attorney for Mr. Dobbins, the attorney for the new buyers, and the attorney for Waters Plumbing. At the hearing, the Court received evidence and heard arguments from the parties. The Court recessed the hearing so that the parties could file briefs in support of their positions.

## FACTS

In 1965, Paul Waters, Gladys Waters, John Nichols, and Doris Nichols formed a partnership which created the Attalla Golf Club. In the early 1970's, the partners incorporated and each partner received a 25% share of the new corporation. In the early 1980's, the Nichols sold their shares of the corporation to P.A. Waters and David Wettlin; shortly thereafter, Mr. Wettlin sold his interest to P.A. Waters. In 1986, Paul Waters passed away and left his shares to his wife Gladys Waters. Since 1986, Gladys Waters has owned 50% of the corporation and P.A. Waters has owned the other 50%. The current bankruptcy was precipitated by the rendering of a $550,000.00 state court tort judgment against the corporation. The corporation had no insurance to cover the judgment and still carries no liability coverage.

On December 20, 1993, the debtor in possession (DIP) filed its voluntary chapter 11 petition. On December 21, 1993, The Court entered an operating order allowing the DIP to continue the operation of its business under certain restrictions. On May 9, 1994 the DIP filed a report explaining why it had not filed a disclosure statement and a plan of reorganization. The report explained that the $550,000.00 judgment against the DIP was in the process of being appealed and that a meaningful disclosure statement and plan could not be filed until the appeal was decided. On October 13, 1994 the DIP filed a similar report. The DIP's appeal eventually reached the Alabama Supreme Court which affirmed the judgment. Prior to the DIP filing a plan, Brent Lee Jordan, the judgment creditor, filed a plan pursuant to 11 U.S.C. § 1121(c)(2). It is this plan of reorganization that the Court confirmed on March 29, 1995.

The confirmed plan proposed by Jordan is a liquidating chapter 11. The plan states and the parties stipulated that the plan proposes the sale of the property to Clayton Dobbins for the amount of $468,250.00. The confirmed plan also provides that "upon the confirmation of the Plan, all property of the estate shall be liquidated by the proponent [Jordan] as provided by 11 U.S.C. Section 1141(b)." Confirmed Plan of Reorganization ¶ 6.2. Subsequent to the entry of the order confirming the Plan, the DIP filed a motion to amend the plan pursuant to 11 U.S.C. § 1127(b). The parties stipulate that the plan has not been "substantially consummated" as defined in 11 U.S.C. § 1101(2). Clayton Dobbins was ready willing and able to close, but the DIP's president failed to appear at the scheduled closing to sign the required documents. Dobbins is still ready, willing, and able to close. The competing purchasers, who are offering $500,000.00, are also ready willing and able to close.

## ISSUES

The following novel issues face the Court:

1) What is the correct procedural posture for the relief that the proponent, Brent Lee Jordan, is seeking?

2) What effect does a § 1127(b) motion to modify a confirmed plan have on the binding effect of the confirmed plan?

## DISCUSSION

■ 1) The Court must decide whether a motion or an adversary proceeding is the correct procedural vehicle for the relief that the proponent seeks. The proponent originally sought to enforce the confirmed plan via this adversary proceeding. Prior to the initial hearing on his adversary proceeding, the proponent sought the same relief via a motion. After review of the inextensive case law, the Court holds that the requested relief may be sought via motion.

There are very few cases that touch on the subject of whether an action to compel a party to comply with a confirmed a chapter 11 is an adversary proceeding or merely a request that may be brought by motion. In the case of *In re Harlow Properties*, 56 B.R. 794 (9th Cir. BAP 1985), the Bankruptcy Appellate Panel for the Ninth Circuit faced

an issue similar to the one in this case. The movant was seeking to enforce a provision in a confirmed plan which required the sale of certain property. The movant brought the action as a motion. The bankruptcy court granted the motion and required the debtor to execute any instrument necessary to transfer the property. On appeal, the BAP skirted the issue of whether the request was properly brought as a motion:

Regardless of whether Palouse's request for the sale of the Home Place should have proceeded as an adversary proceeding under Bankruptcy Rule 7001(7) (court ordered performance of a plan being analogous to the equitable remedy of specific performance) or as a contested matter under Rule 9014, service on the Harlows was necessary.

*Id.* at 799.

Although not specifically addressed in the opinion, the Bankruptcy Court for the Southern District of New York implicitly accepted the idea that a request to compel performance of a confirmed plan may be brought by motion. *In re Riverside Nursing Home,* 137 B.R. 134 (Bankr.S.D.N.Y.1992). The owner of the debtor's premises, pursuant to a foreclosure, applied to the court for an order to compel the debtor to join in the execution and delivery of an agreement providing for the transfer of the nursing facility to a voluntary receiver. The *Riverside* court granted the application and noted that "[s]ubsection (b) of § 1142 expressly authorizes the court to direct a recalcitrant debtor or other party to perform acts necessary to consummate the plan." *Id.* at 137. Courts have *sua sponte* ordered parties to take actions to comply with a confirmed plan of reorganization. *See In re Goldblatt Bros., Inc.,* 132 B.R. 736, 741 (Bankr.N.D.Ill.1991).

The proponent seeks to enforce a confirmed plan, so first the Court will address the effect of confirmation. In 11 U.S.C. § 1141, Congress gives an extensive statement concerning the effect of confirmation. Applicable to the controversy at hand is subsection (a) which provides that "the provisions of a confirmed plan bind the debtor ..." 11 U.S.C. § 1141(a). The confirmed plan has a number of provisions concerning its implementation. Paragraph 6.2 of the confirmed plan provides:

Upon the confirmation of the Plan, all property of the estate shall be liquidated by the Proponent as provided by 11 U.S.C. Section 1141(b) and the monies received by the Proponent shall be disbursed according to this Plan.

Paragraph 6.5 of the plan provides:

The Proponent shall execute this Plan as required by 11 U.S.C. Section 1142. The Debtor and all other necessary parties shall perform acts necessary to the consummation of this Plan as required by 11 U.S.C. 1142.

Clearly, the plan contemplates the immediate sale of the debtor's property and requires the debtor to take any act necessary to accomplish this goal.

 The relief sought by the plaintiff does not fall into the traditional "equitable relief" that would require a trial. The proponent merely seeks to enforce an order of the Court. Congress provided the bankruptcy courts power to implement a plan. Section 1142(a) puts an affirmative duty upon the debtor: "the debtor ..., shall carry out the plan and shall comply with any orders of the court." The Court has authority to enforce this obligation pursuant to 11 U.S.C. § 1142(b) which provides:

The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan.

Rule 3020 of the Federal Rules of Bankruptcy procedure also provides that "[n]otwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate." Congress provided bankruptcy courts these powers for situations such as these. These powers may be invoked *sua sponte* by the court, so certainly a party may ask the court to invoke these powers without the filing of an adversary proceeding.

2) The next issue to be addressed by the Court is the effect the debtor's proposed modification has upon the proponent's ability

to enforce the confirmed plan. The competing purchaser asserts that allowing the proponent to proceed with the enforcement of the confirmed plan "appear[s] to be completely contrary to the main theory of many years of bankruptcy law, that is, the best interests of creditors and the estate and the desire to pay creditors as much money as possible." (Brief of competing purchasers, pg. 7) The proponent is of the opinion that the debtor is free to try and modify the plan, but that he (the proponent) is free to enforce the plan concurrently. The Court is of the opinion that absent a stay both parties are free to proceed with their respective motions.

The relatively unique fact pattern of this case has forced the Court to rely on analogy rather than case law. Although not rare, the filing and confirmation of a plan proposed by a party other than the debtor is not the norm. Coupling this abnormality with the procedurally silent 11 U.S.C. § 1127(b), the Court finds itself in a gray area of the Code. Congress failed to directly address this problem, but by a little Code analysis the quandary is solved. The most analogous situation in the Code is the appeal of a sale of property pursuant to 11 U.S.C. § 363.

 The starting point of this inquiry is the Code. Section 1123 of Chapter 11 provides what a plan can and shall do. A plan can provide "for the sale of all or substantially all of the property of the estate, and the distribution of the proceeds of such sale among holders of claims and interests." 11 U.S.C. § 1123(b)(4). The confirmed plan in this case provides just that; all of the debtor's assets are to be sold to Clayton Dobbins and the proceeds are to be distributed among the creditors. The action proposed in the confirmed plan is analogous to a sale of property under 11 U.S.C. § 363(b). Section 363 authorizes that the trustee "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Section 363 also provides:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

If the debtor's proposed modification is dealt with like an appeal [1], absent a stay, the proponent may proceed to enforce the plan. Although this is not a perfect fit, it is a way to read § 1127(b) without affecting the binding effect of confirmation. Congress intended § 1127(b) to be used by a proponent or reorganized debtor [2] as a device to adjust the plan to changed circumstances after confirmation, not as a means to collaterally attack a final order.

 Due to the debtor's failure to seek a stay pending its proposed modification, the proponent is free to proceed with the enforcement of the plan of reorganization. The debtor is also free to proceed with its § 1127(b) motion to modify the plan; however, the debtor's prosecution of the modification may be mooted by the substantial confirmation of the plan.

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED that:

1) The proponent's adversary proceeding is due to be dismissed;

2) The proponent's motion to compel the debtor to execute the any and all necessary papers is granted, and the debtor, through its president, is hereby ordered to execute the deed, the bill of sale, and any and all documents to effect the conveyance stated in the plan forthwith;

3) The debtor may proceed with its § 1127(b) motion to modify the plan of reorganization; and

---

1. The time to appeal the confirmation order ran prior to the proposed modification.

2. The Court will not address the issue of whether this debtor is a "reorganized debtor" as the parties did not argue the point and it is not necessary to the resolution of the case.

4) A copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): all parties appearing in the adversary proceeding and the bankruptcy administrator.