■ GLENN LOFTAIN, Respondents, v STEPHEN GABIS, Appellant. [774 NYS2d 368]—

In an action for specific performance of a binder agreement for the purchase of real property, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated December 2, 2002, as granted that branch of the plaintiffs' motion which was for summary judgment and denied his cross motion for summary judgment dismissing the complaint, and (2) stated portions of a judgment of the same court entered January 24, 2003, which, upon the order, inter alia, directed the defendant to convey to the plaintiffs title to the premises in accordance with the terms of the subject agreement. The notice of appeal from the order is deemed to also be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly directed the defendant to convey to the plaintiffs title to the subject premises in accordance with the terms of the binder agreement, as that agreement satisfied the statute of frauds, and therefor, was enforceable (*see* General Obligations Law § 5-703 [2]; *Sehati v Greenberg,* 292 AD2d 587 [2002]; *Villano v G & C Homes,* 46 AD2d 907 [1974]). Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.