■ Michael A. Longo et al., Respondents, v Estate of Lena Peters Sweeney, Deceased, Appellant, et al., Defendant. [802 NYS2d 291]—

Appeal from an order of the Supreme Court, Herkimer County

(Michael E. Daley, J.), entered September 13, 2004 in a breach of contract action. The order granted plaintiffs' motion for summary judgment, denied the cross motion of defendant The Estate of Lena Peters Sweeney, deceased, for summary judgment, and directed that defendant to sell certain real property to plaintiffs.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this breach of contract action and thereafter moved for summary judgment, seeking specific performance of the contract at issue, pursuant to which they were to purchase a parcel of vacant land owned by Lena Peters Sweeney (decedent). Supreme Court properly granted plaintiffs' motion. We reject the contention of defendant, decedent's estate, that the contract failed to satisfy the statute of frauds. A contract for the sale of real property must, inter alia, " 'state all of the essential terms of a complete agreement' " (*Wacks v King*, 260 AD2d 985, 986 [1999]; *see Simmonds v Marshall*, 292 AD2d 592 [2002]; *Read v Henzel*, 67 AD2d 186, 188-189 [1979]). "The law is well established that a contemplated contract which omits a material element is unenforceable" under the statute of frauds (*Ashkenazi v Kelly*, 157 AD2d 578, 578 [1990]; *see Willmott v Giarraputo*, 5 NY2d 250, 253 [1959]). Pursuant to the terms of the contract at issue herein, the purchase price was $50,000, and a $5,000 cash deposit was payable upon acceptance by plaintiffs, with $35,000 in owner financing and $10,000 in cash due at closing. The "Purchase Contract Addenda" set forth the terms of the purchase money mortgage, i.e., interest at the rate of 9% per annum, amortized for a period of seven years, with the option to prepay any or all of the principal balance at any time and without penalty. Contrary to defendant's contention, it cannot be said that the contract was merely an agreement to agree to a more formal contract in the future that would provide for the essential terms thereto and, indeed, there is no indication that further negotiations were contemplated (*see Wacks*, 260 AD2d at 987; *cf. Willmott*, 5 NY2d at 252-253; *O'Brien v West*, 199 AD2d 369, 371 [1993]; *Read*, 67 AD2d at 189). Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.