■ JOHN STEFATOS et al., Respondents, v FRED-DOUG MANAGER, LLC, et al. Appellants. [982 NYS2d 886]—

Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 17, 2012, and, same court and Justice, entered December 14, 2012, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the breach of contract cause of action, unanimously modified, on the law, to grant the motion to the extent of dismissing the breach of contract claim as against defendant Fred-Doug 117, LLC (FD-117), dismissing plaintiff John Stefatos's breach of contract claim against defendant Fred-Doug Manager, LLC (FD-Manager), and permitting plaintiffs to file a second amended complaint alleging FD-Manager's breach of the June 2003 letter with respect to plaintiff James Stefatos, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 22, 2013, which, to the extent appealed from, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.

The only adequately stated basis for the breach of contract claim in the amended complaint is a letter agreement dated June 1, 2003. Contrary to the trial court's conclusion, the amended complaint fails adequately to allege a breach of an oral joint venture agreement or any other agreement, oral or written, apart from the June 2003 letter.

Although the June 2003 letter is sufficiently specific and complete with respect to plaintiff James Stefatos, it lacks a material term needed to qualify it as a valid contract, or a note or memorandum under General Obligations Law § 5-701 (a) (1), with respect to plaintiff John Stefatos, and the omitted term cannot reasonably be inferred (*see Willmott v Giarraputo*, 5 NY2d 250, 253 [1959]). Contrary to the trial court's suggestion, General Obligations Law § 5-701 (b) (3) (d) does not apply here, nor, if applicable, would it negate the impact of the June 2003 letter's omission of an essential material term with respect to John Stefatos.

There is no basis for any breach of contract claim against defendant FD-117, as it is not a party to the June 2003 letter. Concur—Mazzarelli, J.P., Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.