■ GINA YOUNG et al., Respondents, v JOHNSON TSENG et al., Appellants. L&Y DEVELOPMENT, LLC, et al., Respondents, v T.C. FOODS IMPORT & EXPERT CO., INC., et al., Appellants. [752 NYS2d 87] —In two related actions, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Queens County (Dye, J.), dated August 15, 2001, which, among other things, upon reargument, adhered to a prior determination in an order dated February 15, 2001, that the contract of sale dated August 6, 1999, is enforceable, determined that the supplemental rider to that contract was unenforceable, and granted specific performance of the contract of sale, and (2) so much of an order of the same court, dated August 20, 2001, as granted that branch of the plaintiff's motion which was, in effect, for specific performance of the contract of sale.

Ordered that the appeal from so much of the order dated August 15, 2001, as directed specific performance of the contract of sale is dismissed, as that part of the order was superseded by the order dated August 20, 2001; and it is further,

Ordered that the order dated August 15, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated August 20, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendants sellers sought to unilaterally cancel a contract of sale of real property pursuant to the terms of a supplemental rider to the contract. However, the language contained in the supplemental rider is so obscure that it is impossible to ascertain the intention of the parties with any reasonable degree of certainty. Accordingly, the supplemental rider is insufficient on its face and of no force and effect (*see Scheck v Francis,* 26 NY2d 466; *Ashkenazi v Kelly,* 157 AD2d 578, 579)

The remaining contentions of the defendants sellers are without merit. Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.