■ Gina Young et al., Respondents, v Johnson Tseng et al., Appellants. (Action No. 1.) L&Y Development, LLC, et al., Respondents, v T.C. Foods Import & Export, Inc., et al., Appellants. (Action No. 2.) [805 NYS2d 556]—

In two related actions, inter alia, to recover the proceeds of a loan (action No. 1) and for specific performance of a contract for

the sale of real property (action No. 2), the defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), dated December 6, 2004, which denied their motion pursuant to CPLR 5015 (a) (2) to vacate, based upon newly discovered evidence, two prior orders of the same court, dated August 15, 2001, and August 20, 2001, respectively, which, among other things, directed the defendants to specifically perform the contract of sale.

Ordered that the order is affirmed, with costs.

The defendants, the seller of the subject real property and its principal, contend that the orders dated August 15, 2001, and August 20, 2001, respectively, inter alia, directing them to specifically perform a contract for the sale of the subject real property (see L&Y Dev. v T.C. Foods Import & Export Co., 300 AD2d 476), should have been vacated based upon "newly discovered evidence" (CPLR 5015 [a] [2]). The alleged newly-discovered evidence was the March 5, 2004, deposition testimony of David Lien, one of the principals of the purchaser of the property, the plaintiff L&Y Development, LLC. The defendants contend that Lien's testimony was that the purchaser agreed to pay an additional $700,000 in cash for the subject property "under the table." At his deposition, Lien specifically denied that there was "under-the-table" money but acknowledged that $100,000 was paid to the defendants.

The plaintiffs claimed that the $100,000 was part of a loan and sought to recover the loan proceeds in action No. 1. The defendants claimed that the $100,000 was "under-the-table" money for the property.

Thereafter, in October 2004, the defendants defaulted in appearing at the trial of action No. 1. The Supreme Court authorized entry of judgment against the defendant Johnson Tseng in the principal sum of $397,000, with interest from October 24, 1999. Pursuant to the doctrines of res judicata and collateral estoppel, that determination precludes the defendants from contending that those payments did not constitute a loan but rather constituted additional consideration for the property (see Rosendale v Citibank, 262 AD2d 628 [1999]).

Accordingly, the order appealed from is affirmed. Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.